[Phelan, et al. v. Tomlin, et al.]

# Phelan, *et al.* *v.* Tomlin, *et al.*

*Bill. for Reformation and Specific Performance.*

(Decided Jan. 13, 1910.—51 South. 382.)

1. *Reformation of Instruments; Right to.*—When a writing fails to express some important element which it was the intention of the parties to express, or expresses it differently from their intention as the result of mistake or fraud, upon clear proof of the same equity will reform the instrument.

2. *Contract; Construction; Time of Performance.*—Where no time is specified in the contract for its performance the law fixes a reasonable term as the time in which it must be performed.

3. *Same; Mutuality.*—A contract must be taken in its entirety and where by its terms, one party is bound to consent to the change and closing of an avenue, and the other party is bound to make an extension of the avenue as changed in front of the property of the other party, the fact that there is a want of mutuality as to so much of the contract as requires a conveyance of the strip between the old and the new avenue does not render the contract wanting in mutuality.

4. *Vendor and Purchaser; Breach of Contract; Damages.*—In a suit for breach of a contract to convey land the damage is the value of the land at the time of the breach.

5. *Appeal and Error; Review; Presumption.*—Where the register's report is silent as to the time of the breach of a contract fixing no time for performance, this court will, on appeal, assume that he found the breach to have occurred between the time of the execution of the contract and the filing of the bill.

6. *Same; Review of Demurrer on Appeal From Final Decree.*—A decree overruling demurrer to a bill may be brought up for review on final appeal.

APPEAL from Jefferson Chancery Court.

Heard before Hon. ALFRED H. BENNERS.

Bill by W. B. Tomlin and others against Sarah E. Phelan and others to correct a contract or agreement. From a degree overruling demurrers to the same, respondents appeal. Affirmed.

The contract is as follows: "This agreement, entered into this the 1st day of January, 1904, by and between (naming a number of parties), by their trustee

and attorney in fact, Turner R. Weakley, parties of the first part, and W. B. Tomlin and Molly Tomlin, his wife, of the second part, witnesseth: That in consideration of the fact that W. B. Tomlin and his wife have this day joined in a resurvey and rededication of Fifteenth Avenue South, through block 23, of Phelan's addition to Birmingham, by which Fifteenth Avenue South, as heretofore evisting between Fifteenth and Sixteenth streets, is vacated and annulled, the parties of the first part agree as follows: That when they shall undertake to extend Fifteenth Avenue South (as this day dedicated) through block 26 of Phelan's addition, they will give said W. B. Tomlin and his said wife, or their assigns, a quitclaim deed to that part of Fifteenth Avenue South at present existing and running westward from the west line of Fifteenth street 200 feet to a point opposite the east line of an alley running north and south through block 27 of said addition, said parties of the second part being the owners of lot 7, in block 27, which said lot abuts on part of Fifteenth Avenue South proposed to be quitclaimed under this agreement. And the parties of the first part further agree that when they shall undertake to make said extension, and when they do make the same, that said avenue so extended through block 26 shall be 80 feet wide. In further consideration, the said parties of the first part agree to sell to said W. B. Tomlin, or his wife, or their assigns (at their option), a strip which they now own (whenever said extension shall be made as proposed), which said strip is about 47 feet wide, and extends east and west, and lies between Fifteenth avenue as at present existing (and west of Fifteenth street) and Fifteenth avenue as proposed through said block 27, said strip being a part of block 26 as now existing; the price to be paid for said strip to be fixed by a commission of three disinterested par-

ties, one of said commission to be selected by parties of the first part, one by parties of the second part, or their assigns, and the two selected to choose the third commissioner. Whatever prices fixed by said commissioners for said strip and whatever terms agreed upon by them are to be the price and terms governing sales of said strip to parties of the second part or their assigns." Signed by all parties.

The prayer of the bill is, after stating the facts to be as laid or set out, "that the said contract be corrected so as to show clearly the true understanding between the parties, that the respondent undertook that said Fifteenth avenue should be extended through said block 26 of said Phelan's addition to Birmingham, shown by said Map Book 3, page 67, of said record in said probate judge's office of Jefferson county, and that your orator consented to join in said new survey referred to in said agreement of said Fifteenth avenue between said Fifteenth and Sixteenth streets, at the request of the defendants, or their agent, the said Weakley; and it is further prayed that, when said Exhibit A shall have been corrected to show the facts, your honor will decree that the respondents make such amends to your orator in compensation or damages for their failure to perform their said agreement." It appears from the bill that before the same was filed the carrying out of the agreement, and contract was rendered impossible by the building of a street railway in the street and avenue, and by the improvement by the city of Fifteenth Avenue in front of the appellee's lot.

The demurrers interposed raised the question that the bill shows that the oral negotiations which led up to the contract were merged into the writing, and that the contract is a full and complete exponent of the negotiations, and the said contract cannot be varied or altered

[Phelan, et al. v. Tomlin, et al.]

by oral testimony; (2) that the contract is clear, plain, and unambiguous, and complete in all of its terms, and needs no construction; the bill does not allege nor in any way disclose that there was any mistake, fraud, surprise, or accident in the making of said contract; the bill shows that the contract sought to be reformed clearly shows a promise made conditional upon the will of the promisor, and shows no obligation which he is bound to perform. It seems from the further facts alleged from the bill that an oral agreement was finally reached to extend the avenue within a reasonable time; no special time being mentioned in the contract.

The motion to dismiss was based on the proposition that there were three final decrees rendered in the case, and that the record seeks to bring up and embrace all of said decrees in one appeal.

A. C. & H. R. Howze, for appellant.—The oral agreement was merged into the writing and became the exponent of the agreement.—1 Greenl. sec. 275; 2 Parsons on Contr. p. 10. The parties themselves cannot change such a contract and the courts will not do for them what they cannot do.—*Gaffney v. Hopkins,* 52 Pac. 561. It follows, therefore, that the first three grounds of demurrer should have been sustained.—*Ware v. Cowles,* 24 Ala. 466; *Clark v. Hart,* 57 Ala. 390; *Couch v. Woodruff,* 63 Ala. 473; *Green v. Casey,* 70 Ala. 417; *Guilmartin v. Urquhart,* 82 Ala. 570; *Drennen v. Satterfield,* 119 Ala. 84. Equity has jurisdiction to reform a written contract or instrument in two instances only, and these are not brought forward by the bill.—2 Pom. secs. 854 and 870; 3 Pom. sec. 1376; *Hinton v. Citizens,* 63 Ala. 493; *Smith v. Allen,* 14 South. 760; *Tyson v. Chestnutt,* 13 South. 763. As to burden of proof, see authorities supra. Counsel discuss other assignments of error not necessary to be here set out.

HENRY UPSON SIMS, for appellee.—The appeal should be dismissed on the authority of.—*Kelly v. Degan,* 111 Ala. 152. The bill contained equity.—*Love v. Graham,* 25 Ala. 192; *Clark v. Hart,* 57 Ala. 390; *Folmar v. Lehman-Durr,* 147 Ala. 477. Upon the other theory, the right to introduce the real agreement is sustained by the following authorities.—*Huckabee v. Shepherd,* 75 Ala. 342; *Powell v. Thompson,* 80 Ala. 51; *Murphy v. Farley,* 124 Ala. 279; *Whatley v. Reese,* 128 Ala. 500. Counsel discuss other assignments not necessary to be here set out.

ANDERSON, J.—"When a writing fails to express some important element of the contract, which the parties mutually intended it should express, or expresses it differently from what they had mutually agreed it should express, and this failure or difference of expression is the result of mistake or fraud, chancery, on clear, proof, will reform the contract, to make it effective as the parties mutually intended."—*Clark v. Hart,* 57 Ala. 394, and authorities there cited: *Folmar v. Lehman-Durr Co.,* 147 Ala. 477, 41 South. 750. It is evident that the negotiations between the complainant W. B. Tomlin and the agent of the respondents from first to last contemplated an extension of Fifteenth avenue as per the change in location, through block 26; the only point of difference being as to the definiteness of the time for making said extension through said block 26, The sole or chief consideration moving the complainants to consent to the change, and the closing of Fifteenth avenue, as it then stood, was that the change would also apply to block 26, immediately in front of their property; that they would get title to the old avenue in front of their lot, with a right to purchase the strip between the old and new avenue, under terms set

out, so as to give them a frontage on the new avenue. In other words, all benefit to be derived by the complainants, as a consideration for consenting to a closing up of the avenue through block 23, was dependent upon the extension of the avenue as changed through block 26. Indeed, the contract, while not a positive obligation to make the extension, ·is so worded as to be very pursuasive that such extension was mutually contemplated by all parties thereto, and was susceptible of being so construed by Tomlin, and which seems to have been the construction given it by his lawyer, as the only objection made to same was that it failed to specify a definite time for making the extension, and which Mr. Weakley declined to insert, stating his reasons for not doing so, but giving his opinion that it would be done in a short time, or within a year. It was, therefore, the understanding of the parties that the contract either did or should contain a positive obligation to make the extension, not at a definite time, because Weakley had declined to make it specify the time; and it was executed in the face of this declination, and the law would, therefore, fix a reasonable time.—*Griffin v. Ogletree*, 114 Ala. 343, 21 South. 488; *Wolfe v. Parham*, 18 Ala. 441; *Cotton v. Cotton*, 75 Ala. 345.

It is next insisted, that there is no mutuality as to so much of the contract as requires a conveyance of the strip, as the complainants would have the option to decline, and could not be forced to take it for the price fixed. This may be, but does not render the contract wanting in mutuality, as it must be taken in its entirety, and it did require the complainants to join in a consent to close that part of the old avenue through block 23, and in fact recited that they had done so.—*Merritt v. Coffin*, 152 Ala. 474, 44 South. 622; *Pollard v. Maddox*, 28 Ala. 321; *Comer v. Bankhead*, 70 Ala. 136.

[Phelan, et al. v. Tomlin, et al.]

We may concede the contention of appellants' counsel, that, in ascertaining the complainants' damages, it should be raised on the difference between the value of the strips between the execution of the contract and the breach of same; but we cannot say that the breach occurred within a year after the execution of the contract. (We think, however, the complainants would be entitled to the full value of such of the old avenue as respondents agreed to convey him.) Weakley did not agree to any definite time, and that it would be done within a year was but his opinion.  The law, therefore, fixes a reasonable time, and it was for the register to determine when the breach occurred, and which could have been between the filing of the bill and the execution of the contract; and we must assume that he fixed the breach within this period, and found accordingly, as the report is silent as to when he ascertained the breach to have occurred.  Nor does it appear that this report was based on values fixed on the property after the bill was filed.  There was some proof as to the value after the breach, and upon which the finding should not be based, and it does not appear that it was; but we cannot say that this evidence was incompetent as to the value as the testimony ranged for years back to the present, and it afforded some data for the register to consider in ascertaining the estimated enhancement in values between the execution of the contract and the breach. Moreover, the location of the complainants' home, with reference to the old and the new avenue, and the causes and effects of the failure to make same upon the convenience and pecuniary value of same as now situated with the contract performed, were facts to be considered in determining the damages.  There was ample evidence to support the report of the register, which is like unto the finding of a jury.

[Hardwick, et al. v. Hardwick, et al.]

What we say in discussing the equity of the bill and the proof of same, is sufficient to dispose of the demurrers, as the bill made out a clear case of equitable reformation, and was not subject to the demurrers interposed thereto.

There is no merit in the motion to dismiss the appeal. It may be true that the appeal from the decree on the demurrer to the bill could only be taken within 30 days; but the ruling can be reviewed on the appeal from the final decree. Nor are the decrees on the merits and on the report of the register so distinct and inconsistent as to bring this appeal within the influence of the case of *Kelly v. Deegan,* 111 Ala. 152, 20 South. 378.

The decree of the chancery court is affirmed.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur.