(90 South. 311)

## HAMPTON v. REICHERT. (1 Div. 181.)

(Supreme Court of Alabama. June 16, 1921. Rehearing Denied Oct. 13, 1921.)

1. **Cancellation of instruments ☞43—Allegata and probata as to description of lot must correspond.**

In an action to cancel a deed to lot 7 as a cloud upon title and because obtained by fraud in that defendant represented that the deed was an option to purchase, plaintiff could not recover where his testimony referred to lot 5, instead of lot 7, as averred.

2. **Appeal and error ☞1009(6)—Evidence to be weighed on appeal in equity.**

Where the evidence in an equity case is taken by depositions, and not ore tenus, no weight will be given the decision of the trial judge upon the facts on review in the Supreme Court, under Code 1907, § 5955.

3. **Deeds ☞211(3)—Evidence held to show deed not obtained by fraud.**

In an action to set aside a deed as a cloud upon title, evidence held to show that the deed was not obtained by fraud.

4. **Reformation of instruments ☞16—Equity will make instrument conform to agreement.**

When a written instrument or deed does not recite the exact agreement by mutual mistake, or by mistake of one party accompanied by fraud of the other party, and the contract is shown by clear, strong, and convincing proof, a court of equity will make the written instrument or deed conform to the agreement.

5. **Appeal and error ☞172(3)—No reformation in action for cancellation.**

Where bill was to cancel a deed, and there was nothing in the pleadings to indicate a desire on the part of the complainant to reform the deed, appellate court should not put the court below in error and the defendant in default, simply because of a prayer for general relief, by reforming the instrument.

6. **Joint adventures ☞4(1)—Plaintiff and defendant held to each have interest in land under deed.**

Where complainant and defendant entered into an agreement whereby complainant deeded a lot to defendant and received $5 consideration, and defendant agreed to perfect the title and to sell the lot and divide the net proceeds with the complainant, each of the parties had some interest in the lot, and the complainant cannot insist that the deed should be canceled because defendant has had more than a reasonable time to sell the lot after perfecting title.

Appeal from Circuit Court, Mobile County; Joel W. Goldsby, Judge.

Bill by Haley Hampton against J. H. Reichert to cancel a deed as a cloud upon title and because obtained by fraud. From a decree denying the relief prayed for, complainant appeals. Affirmed.

Brooks & McMillan, of Mobile, for appellant.

Equity will cancel the deed procured by fraud, although not participated in by the grantee. 20 Cyc. 32; 191 Ala. 175, 67 South. 983. Respondent is bound by Logan's acts and representations, and will protect complainant. 180 Ala. 119, 60 South. 143; 150 Ala. 294, 43 South. 746; 191 Ala. 263, 68 South. 17; 173 Ala. 175, 55 South. 492; 168 Ala. 332, 52 South. 916, Ann. Cas. 1912A, 702. The agreement cut complainant out entirely. and equity will enforce the protection, as indicated by respondent's testimony. 174 Ala. 337, 56 South. 573; 164 Ala. 383, 51 South. 382. Respondent had only a reasonable time within which to perform his agreement. 75 Ala. 345; 80 Ala. 78, 60 Am. Rep. 85; 6 Ala. App. 113, 60 South. 423; 7 Ala. App. 358, 62 South. 254; 164 Ala. 383, 51 South. 382.

Gaillard, Mahorner & Arnold, of Mobile, for appellee.

Complainant has the burden of proof. 172 Ala. 665, 55 South. 293. The deed was duly signed and acknowledged. 99 Ala. 284, 12 South. 775, 42 Am. St. Rep. 58; 167 Ala. 563, 52 South. 744; 172 Ala. 655, 55 South. 293.

MILLER, J. This is a bill to cancel a deed because it was obtained by fraudulently misrepresenting its contents to complainant by defendant or his agent.

The bill alleges that Haley Hampton, complainant, owned lot 7 of first division of John Chastang tract; that defendant by his agent John E. Logan "solicited from him a contract to sell the land hereinabove described, and presented to complainant a paper which he represented to complainant to be a contract or option to purchase the said land or to sell the same for complainant"; that nothing was paid for said contract. complainant has received no compensation for same, and "has

never knowingly made a deed covering said land to any one"; but complainant alleges that "respondent, J. H. Reichert, has a deed purporting to convey said land to him by complainant, * * * and that said deed is the document presented by John E. Logan to complainant and signed by complainant on a misrepresentation of its contents as hereinbefore stated"; and "that said deed is now on record in the probate office of Mobile county, Ala., and is a cloud on complainant's title to said land.".

There was no demurrer to the bill. The respondent, J. H. Reichert, in answering the bill, among other things, avers that the title of complainant to lot 7 was defective; and "respondent proposed to complainant to buy lot 7 from him for $5 cash, file a bill in chancery court to quiet the title, and put the lot on the market for sale, and that, after respondent's expenses had been deducted, to divide the net proceeds equally between them. * * * Complainant readily agreed to make a deed on those terms, and Mr. Logan was requested to then and there draw a deed from complainant and his wife to this respondent, which was done. * * * Complainant had the deed read to him and at once executed it." And it was also executed by his wife. That $5 cash was paid complainant. An attorney was employed to file the bill in chancery court of Mobile county to quiet the title, which was done, and final decree rendered September 8, 1916. That said lot is in the hands of a real estate man for sale, and no purchaser has been obtained. "That respondent recognizes complainant's right to receive one-half of the net proceeds arising from a sale of lot 7 after this respondent has been reimbursed for his outlays in the matter. * * * That no mention was made of any contract or option to sell, and only a sale on the terms above stated, and a deed to carry it out where mentioned. * * * That no misrepresentations were made to complainant and that he signed the deed well knowing it to be such."

The complainant testified:

"I have had conversations with J. E. Logan with reference to selling my land, lot 5, which conversation was this: He was to sell the land, and I was to pay him for selling that land, and this was the only agreement that I ever had with him in my life. I conferred with him about selling this land one time, and the agreement was that I was to give him a commission to sell the land, lot 5, when he found a purchaser for the land, and when I got my money for the land I was to make a deed and pay Logan his commission. Logan presented a paper for me to sign."

He also testified that—

"The verbal agreement was made at the same time that Logan presented the paper for me to sign. I never signed any other paper except the paper I signed under the conditions I have named. I never made a deed to him or any one else that I know of."

[1] The allegations of the bill of complaint and the testimony of complainant do not correspond. There is a material variance. The bill alleges that he owned lot 7, and agreed to give a contract or option to purchase or sell the same; and that he under misrepresentation signed a deed instead of "a contract or option to purchase or sell." In his testimony he agreed for Logan to have an option to sell lot 5, instead of lot 7, as averred in the bill. The allegata and probata do not correspond. When the material allegations and necessary proof do not harmonize the complainant cannot recover. Clements v. Kellogg, 1 Ala. 331; 5 Ala. Ency. Dig. § 240, and authorities there cited.

This may be a clerical error—self-correcting—intending lot 7 instead of lot 5; but complainant's entire evidence is to the contrary. The complainant testified that he owned lot 7. He purchased lot 7 from John Bray 27 years ago for $69.55, but he says he agreed for Logan to have an option to sell lot 5. S. C. Cherry, witness for complainant, testified, "The agreement was that Haley [Hampton] was to pay Mr. Logan to sell lot 5 for him," and this witness also said:

"Haley Hampton was to pay Mr. Logan to sell lot 5, and it was under this head that they asked me to sign the paper."

Complainant, on cross-examination of Joe Chastang, asked these questions:

"State exactly what was said about lot 5? A. When Mr. Logan was talking to old man Haley about lot 7, he said something concerning lot 5, and Mr. Logan told him not lot 5, because Victoria Chastang had that. Q. He said lot 7 belonged to Haley? A. Belonged to Haley."

The bill of complaint has not attached as an exhibit a copy of the deed. It avers that it is on record. Neither the original nor a certified copy of it is in the evidence. The evidence shows a deed was executed by complainant to defendant to lot 7. Its contents, without objection, was proven by secondary evidence, the oral testimony of witnesses, and the admissions of defendant.

[2] We have read the evidence carefully. It was taken by depositions, and not ore tenus. In such cases in equity, the law directs that this court shall give no weight to the decision of the trial judge upon the facts, but "shall weigh the evidence, and give judgment as they deem just." Code, § 5955; Horst v. Pake, 195 Ala. 620, 71 South. 430; Freeman v. Blount, 172 Ala. 655, 55 South. 293.

[3] The weight of the testimony is to the effect that complainant signed the deed voluntarily after it was read over to him; that he understood it; that it was properly executed; that it conveyed to defendant lot 7,

and that it was signed by him on the following terms and agreement: Five dollars cash, respondent to file bill to quiet title to the lot and pay the court cost and attorney's fee, to put the lot 7 on the market, sell it, and after deducting the attorney's fee, court costs, and expenses, to divide the balance in equal parts —one-half to complainant and one-half to defendant. This was their contract from the clear weight of the evidence. The $5 cash was paid complainant by defendant. The defendant employed an attorney, filed suit in the equity court of Mobile county to quiet the title, paid the attorney's fee, the court costs, and a decree was rendered by the court quieting the title, as the contract required; all of which is disclosed by the evidence. These conclusions as to the contract and the evidence were reached by the court below as it stated:

"The complainant fails to sustain the allegations of his bill of complaint by the evidence, and is not entitled to relief."

The complainant insists in his argument that the court should reform the contract or deed to make it speak the truth under the agreement of the parties. This evidence is so clear as to the agreement and intent of the parties as to lot 7 that the deed should recite the real consideration, the entire agreement between them, for the protection of the complainant.

[4] When the written instrument or deed does not recite the exact agreement by mutual mistake, or by mistake of one party accompanied by fraud of the other party, and the contract is shown by clear, strong, and convincing proof, a court of equity will make the written instrument or deed conform to the agreement. Hammer v. Lange, 174 Ala. 337, 56 South. 573; Phelan v. Tomlin, 164 Ala. 383, 51 South. 382.

[5] This is a bill to cancel the deed. There is nothing in the pleadings to indicate a desire on the part of the complainant to reform the deed. This being true, the court below should not be put in error and the defendant in default simply under the prayer for general relief by reforming the instrument. The defendant may have consented for it to speak the truth as to the full consideration, if opportunity had been directly offered him.

[6] The complainant insists in his argument that the deed should be canceled because defendant has had more than a reasonable time to sell the lot 7. Under the agreement the defendant through the deed has some interest in the lot, having paid $5 cash to complainant for it and the attorney's fee and court costs in the equity suit to quiet the title. The complainant and defendant each own an interest in lot 7 under the deed and contract.

Finding no error in the record, the decree of the court below is affirmed; but the dismissal is without prejudice.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.