**HUGHES et ux. v. BAKER. (8 Div. 925.)**

Supreme Court of Alabama. Nov. 10, 1927.

Rehearing Denied Dec. 22, 1927.

1. Reformation of instruments ⊚ᗐ19(2)— Where description in deed written by agent of parties was confessedly erroneous, mutuality of mistake was established.

Where description in deed, sought to be reformed, written by agent of parties, was con-

fessedly erroneous, mutuality of mistake was established.

2. Appeal and error ⊚ᗐ1033(9)—That decree in suit to reform deed gave complainant less than some of evidence regarding measurements might have justified was not matter of which defendants could complain.

That decree in suit to reform deed may have given 34 feet less than some of evidence regarding measurements might have justified was not matter of which defendants could complain, decree having confined itself in that respect to averments of bill.

3. Husband and wife ⊚ᗐ221—Where grantor's wife joined in deed, she was proper party to bill for its reformation.

Where wife of grantor joined in execution of deed to convey her inchoate right of dower, she was a proper party to bill for its reformation.

Appeal from Law and Equity Court, Franklin County; B. H. Sargent, Judge.

Bill to reform a deed by J. B. Baker against J. B. Hughes and Lucy Hughes, and cross-bill by respondent. From a decree for complainant, defendants appeal. Affirmed.

J. Foy Guin, of Russellville, for appellants.

Conveyances will be reformed only where the mistake is mutual or where there was mistake in the mind of one and fraud on the part of the other. Hammer v. Lange, 174 Ala. 337, 56 So. 573; Goulding Fert. Co. v. Blanchard, 178 Ala. 298, 59 So. 485; Lucas v. Boyd, 158 Ala. 338, 47 So. 1017; White v. Henderson-Boyd L. Co., 165 Ala. 218, 51 So. 764; Greil v. Tillis, 170 Ala. 391, 54 So. 524. A deed will not be reformed where there is neither averment nor proof that the price paid by the vendee was reasonable. Ganey v. Sikes, 76 Ala. 421. To authorize reformation, there must be certainty of error. Hough v. Smith, 132 Ala. 204, 31 So. 500; Hertzler v. Stevens, 119 Ala. 333, 24 So. 521.

Williams & Chenault, of Russellville, for appellee.

The mistake was mutual, being made by an agent acting for both parties, and the court should correct it. 34 Cyc. 919; Houston v. Faul, 86 Ala. 232, 5 So. 433; Kilgore v. Redmill, 121 Ala. 485, 25 So. 766; Campbell v. Hatchett, 55 Ala. 548.

GARDNER, J. The bill was filed by J. B. Baker against J. B. Hughes and wife, Lucy Hughes, seeking reformation of a certain deed executed by defendants to complainant January 14, 1922, purporting to convey "six acres more or less" of land in Franklin county, Ala. From a decree granting complainant relief, defendants prosecute this appeal.

The property was owned by J. B. Hughes and was situated adjoining the right of way of the Illinois Central Railway Company.

---

⊚ᗐFor other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

·Complainant desired the property for the commercial value of the sand thereon. One Sims represented both Baker and Hughes in negotiating the sale, and upon the trade being closed wrote the deed which was executed by Hughes and accepted by Baker. Mining operations of the sand continued to the filing of this bill in April, 1925, when complainant was notified he was taking sand beyond the line of purchase as shown by the deed. The reformation sought relates to the matter of description only.

[1] Defendants seem to insist, in accordance with the testimony of Sims, that the property purchased was situated between the south and north ends of the cut on the right of way a distance of 1,100 feet, and extending out from the right of way and parallel therewith 210 feet, and was a defined and specified tract of land. The description in the deed, written by the agent of the parties, is confessedly erroneous. Mutuality of mistake is therefore established (34 Cyc. 919), and the only question here for determination is what is the correct description.

We enter into no detailed discussion of the evidence, but will rest content with a statement of our conclusion from a study thereof. We recognize fully the high degree of proof required in cases of this character (Hertzler v. Stevens, 119 Ala. 333, 24 So. 521; Hammer v. Lange, 174 Ala. 337, 56 So. 573), but we are persuaded complainant has sufficiently met the burden placed upon him.

The 1,100 feet along the right of way referred to, we are persuaded, doubtless represented the portion of the land in which Baker was particularly interested as embracing the valuable portion of the sand. We do not think, however, this was the extent of the purchase, but we are convinced the agreement was that Baker was to buy 6 acres along this right of way at this point at $25 per acre. It was so estimated and payment made on that basis, the purchase price being $150. The property was to run 6 acres parallel with the right of way, one acre in width, and on the northern end was to extend as far as what is referred to as the "offset" in the right of way. On the south we think it was agreed that the property should extend to a point where J. B. and Grady Hughes' land intersects with the right of way, if it was required to make out the 6 acres. Such description substantially embraces the 6 acres of land agreed to be purchased.

As previously stated, the description in the deed is admittedly erroneous, and embraces considerably less than 6 acres of land. Very clearly, defendant Hughes was of the opinion the disputed area (that on the northern end) was embraced in the sale, as he worked for Baker, and seems to have opened the mine on this particular portion of the property. The suggestion that it was not in the deed was first made to Hughes by Sims after the mining operations had continued for a long time. It is evident from the proof that Hughes had during this period become more informed as to the commercial value of the sand on his land, and the disputed area considered as of value for an outlet from his land to the railroad—a matter not considered or thought of at the time of the sale.

[2] We are in accord with the finding of the trial court. The fact that the decree may have given complainant 34 feet less than some of the evidence as to measurements might have justified is clearly not a matter of which these defendants can complain. The decree in that respect confined itself to the averments of the bill.

The conclusion that complainant is entitled to relief settles all matters sought to be introduced by the cross-bill, and a consideration of the ruling thereon must therefore be properly pretermitted.

[3] Lucy Hughes as the wife of J. B. Hughes, and to convey her inchoate right of dower joined in the execution of the deed, and of course was a proper party to the bill for its reformation. Her demurrer to the bill was properly overruled.

Finding no error in the decree, it will accordingly be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.