222

58 So.2d 452

## CHILDRESS v. YOUNGER.

### I Div. 474.

Supreme Court of Alabama.
April 17, 1952.

Hubert M. Hall, Bay Minette, for appellant.

Cecil G. Chason, Foley, for appellee.

SIMPSON, Justice.

Appellee, by his amended bill, sought an accounting against appellant, Childress, and another coadventurer, Bain, of a joint enterprise coexisting between the three. The trial court held the bill well proven and Childress has appealed. No question is argued relative to the sufficiency of the bill, so we lay that to one side.

Few principles of law need be cited. The argument is addressed to the propriety of the lower court's decision on the facts. The hearing was in open court before the judge, so we review the findings with the usual favorable presumption attending. On this premise we must affirm the decree.

■ A contract of joint adventure, like any other contract, is enforceable if supported by a valuable consideration, that is, some contribution by each coadventurer of money or material or service. Brewer v. Ewart, 210 Ala. 292(2), 97 So. 910.

This status was presented by the facts in this case, as found by the court. They are in substance:

■ In January, 1947, Younger, Childress and Bain entered into an oral agreement whereby Childress was to furnish and did furnish a caterpillar tractor bulldozer and later a dragline, totaling approximately $17,000 in value. Younger and Bain were to operate the equipment at the rate of $12.50 per hour and remit to Childress $8 per hour for the payment of the equipment, after which the three would own certain undivided interests therein; the parties were to contribute certain proportions for maintenance, upkeep, etc. Thereafter, in November, 1947, by another oral agreement between the parties, Childress purchased another bulldozer with dragline attachment for the approximate sum of $17,-000, with the understanding that Younger and Bain were to operate both machines at the same rate per hour and remit to Childress the same amount per hour for the purchase and payment of the amounts due on both machines. It was further agreed that upon completion of the payment for the machines, each one of the parties was to own respectively a one-third interest therein. The machines were so operated under said agreement until November, 1948, when a disagreement arose between Childress and Younger, at which time it appears the parties mutually agreed that the joint adventure should terminate. A written agreement to that effect was executed between Childress and Younger and Childress delivered to Younger a $4,-000 check as part of the consideration for Younger's release of any interest he had in the enterprise. What other considerations moved between the parties is in dispute, but it clearly appears the joint adventure was agreed to be terminated by mutual consent. Childress thereafter stopped payment on the check and rescinded the agreement on account of some alleged misrepresentations of Younger (which Younger denied) and took possession of all of the property. Younger was then forbidden any further use thereof and filed his bill for an accounting. During the course of the existence of the joint adventure Younger and Bain paid to Childress some $27,000, which more than paid for the first machine and left a balance of only $6,664 due on the entire original indebtedness of $34,000. It is manifest that Younger had acquired a valuable interest in the joint adventure and was entitled to an accounting between the parties to establish his interest therein. Lindsey v. Reeves, 251 Ala. 400, 37 So.2d 501.

■ The established method for the settlement of the joint adventure or partnership, according to the principles as laid down in Hunter v. Parkman, 254 Ala. 494, 48 So.2d 878, does not seem to have been followed instantly by the trial court. But no complaint has been made on this appeal by either party with respect to such procedure. We have therefore treated the matter in accordance with the contentions of the parties as argued here and will approve the decree as rendered by the trial court.

■ The contention of appellant that because the adventureship was terminated before the machines were fully paid for disentitles the appellee to any interest in the enterprise is clearly unsustainable. A joint adventure may be dissolved at any time unless the contract otherwise stipulates, but vested or accrued rights cannot be defeated. McDonough v. Saunders, 201 Ala. 321(2), 78 So. 160, 11 A.L.R. 419; Hampton v. Reichert, 206 Ala. 463, 90 So. 311.

■ Likewise, without merit is the contention that there was no joint adventure because Childress had no control (we do not decide) over the machines. Generally a joint adventure does contemplate mutual right of control, but except as to third parties or the public, one may surrender control to the other in so far as their mutual relations are concerned. Peoples v. Seamon, 249 Ala. 284(6), 31 So.2d 88.

After a careful consideration, we conclude that the propositions argued for error cannot be sustained.

Affirmed.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.