61 So.2d 808
#### CHILDRESS v. YOUNGER.
#### 1 Div. 474.

Supreme Court of Alabama.
Dec. 4, 1952.

M. B. Grace, Birmingham, for movant (appellee).

Hubert M. Hall, Bay Minette, for respondent (appellant).

SIMPSON, Justice.

This is a motion made in this cause by appellee to amend the judgment of this court rendered April 17, 1952, affirming the decree of the circuit court, in equity, of Baldwin County, in which the circuit court awarded a decree for money. See 257 Ala. 222, 58 So.2d 452. Appellant Childress, in taking the appeal from the aforesaid circuit court decree, executed a supersedeas bond in double the amount of the sum awarded by said decree, as provided by § 793, Title 7 of the Code. On the affirmance of that decree by this court, the Clerk in entering up the minutes inadvertently omitted to give effect to § 814, Title 7, Code, by failing to render judgment against the obligors on the bond for the amount of the aforesaid judgment with "ten percent damages thereon". This motion is to amend the judgment so as to comply with said § 814.

The term of court at which the decree was heretofore affirmed expired by operation of law on the last day of June, 1952, and this motion was not filed until November 5, 1952. The question, of course, is whether or not after the expiration of the term, this court has the power now to amend the judgment to the extent indicated and determination resolves itself into whether such an amendment of the decree would be to correct a judicial error or whether in the nature of a ministerial act. If the former, then the propriety of entering up an order would be subject to grave doubt in view of the recognized principle that the court has no power to make judgment entries or to alter or amend ones already rendered to correct judicial errors after the expiration of the term. Ex parte Brandon, 243 Ala. 610, 11 So.2d 561; Gardner v. State, 21 Ala.App. 388, 108 So. 635; Tombrello Coal Co. v. Fortenberry, 248

Ala. 640, 29 So.2d 125. If, however, the entering up of the judgment was a mere ministerial act, it is subject to be corrected at a later term by order of the court.

Ordinarily, this court loses control over its judgments which have become final at the expiration of the term in which the judgment is rendered unless control is retained by proper and seasonable application for rehearing, as is the status of the circuit court over its judgments when a motion is made for a new trial and it is properly continued to a later date. We think the inherent power of both courts is substantially the same in respect to judgments which have heretofore been rendered in so far as they are affected by the expiration of the term of court in which they may have been rendered. That is to say, each court has certain inherent power with respect to its judgments in so far as related to control over clerical errors in the entry of judgments, and for the failure to write up a judgment on the minutes of the court which should have been done, as manifested by the minutes of the court or other matters of record.

The inherent power of the circuit court has been fully elucidated in the case of Campbell v. Beyers, 189 Ala. 307, 66 So. 651, which case was also recently given effect by us in Ex parte Biddle, Ala.Sup., 61 So.2d 803. As to the circuit court, that right is also now embraced in § 567, Title 7, Code.

We think it clear this court does have the inherent power at a subsequent term to proceed to render a judgment which its records show should have been rendered during the time in which the judgment was rendered, so as to include a matter which was inadvertently omitted, such as to include damages and the penalty in the judgment. It was only necessary to notice the fact that the decree appealed from was a money judgment and that a supersedeas appeal bond was executed pursuant to the statute, and that the said decree was affirmed on appeal. The entering up of the judgment on the appeal bond against the obligors thereof, plus ten per cent damages, then became a mere ministerial duty of which the court had power to order to be entered at a later time.

There is scant authority on this particular question and none in this jurisdiction. Happily, however, we do find that the Supreme Court of Texas has considered the exact question and determined that the amendment of the judgment entry at a subsequent term was within the power of the court. Cockburn v. Hightower, 121 Tex. 555, 52 S.W.2d 365, 366. Following is a pertinent statement of the principle from that case:

"Article 1857, R.S. 1925, provides that the Court of Civil Appeals, when it affirms the judgment of the court below, 'shall render judgment against the appellant or plaintiff in error and his sureties on the appeal bond, subject to such disposition as to costs on said appeal as said court may order.' The exercise of this power by the Court of Civil Appeals, under the conditions named, appears to be mandatory. In other words, it appears that, when a Court of Civil Appeals affirms the judgment of a lower court, it, by virtue of the statute, is compelled to render judgment against the appellant, or plaintiff in error and his sureties on the appeal bond * * *.

* * * * * *

"* * * We have concluded that, when the court [Court of Appeals] rendered judgment against the principals for the moneys adjudged, the law then fixed the liability of the sureties on the supersedeas bond, and the mere failure of the court to take cognizance of the facts shown by the record without dispute and to enter judgment, which the law itself, under the facts shown by the record, declared should be rendered, was a mere failure to do a ministerial act, and there was nothing left for the court to do of a judicial nature."

Our statute is substantially similar to that of Texas and we are in accord with the foregoing statement of the Texas court. The conclusion is that this court now has authority to order an amendment of the

222

judgment to the extent stated. Accordingly, the motion of appellee is granted and the motion of appellant to strike appellee's motion is denied.

Motion to amend granted.

LIVINGSTON, C. J., and FOSTER and GOODWYN, JJ., concur.