241 So.2d 889

Ellis HULSEY, Rose Mary Hulsey (Individ-
ually) and Rose Mary Hulsey, as
Administratrix, etc.

v.

W. B. FOLSOM and Tri-State Bldg. Corp.,
a Corporation.
6 Div. 691.

Supreme Court of Alabama.

Aug. 6, 1970.

Rehearing Denied Dec. 10, 1970.

Carlton Mayhall, Jr., Haleyville, for ap-
pellants.

Walter Joe James, Jr., Haleyville, for appellees.

SIMPSON, Justice.

Ellis Hulsey and Rose Mary Hulsey are husband and wife. On March 30, 1965, Joseph A. Dunn and Dorothy Dunn, Rose Mary Hulsey's parents, deeded to their daughter and son-in-law two acres of land out of the eighty which they owned, for the purpose of building a house on this two-acre lot. This deed was prepared by a stenographer and described the two-acre parcel as being in the NW corner of the E ½ of the NW ¼ of the SE ¼.

According to the testimony of Mrs. Dunn, she and her husband went to the office of an attorney, who was not in, and the deed was prepared by his stenographer. She testified that they did not tell her how to describe the two acres, but showed her what they wanted, showing her the deed and their abstract. Her testimony was that they told the stenographer they wanted to deed their daughter and her husband a parcel of land an acre wide east and west and two acres wide north and south out of the eighty acres which they owned. Mrs. Dunn testified that she and her husband intended to give their daughter and son-in-law two acres of land, starting at the north corner.

The deed was prepared and recorded.

Thereafter, in the summer of 1966 the Hulseys entered into an agreement with Tri-State Building Corporation, whereby Tri-State agreed to build a house on the two-acre lot. The Hulseys executed a mortgage to Tri-State which carried the same description of the property as was contained in the deed from the Dunns to the Hulseys.

Later on the house was completed. According to the testimony of Mr. Hulsey, the parties had agreed that the house would cost $12,500 and would be financed through FHA. His testimony was that he was told at the time the discussion took place about building the house that the payments on it would "run $67 and some few cents a month". However, after the house was completed and at the loan closing, he learned that the payments would be $89 per month, and he refused to sign the papers. His testimony was that he changed his mind about going through with the transaction when he learned that the payments would be more than $67 per month, which was his understanding at the time the mortgage was signed.

Up until this time, neither party to the transaction was aware that there was a possibility that the house had not been built on the two-acre lot described in the deed and mortgage.

Thereafter appellee Folsom (to whom the mortgage had been assigned) instituted foreclosure proceedings. At this point in time it was discovered that (according to one survey of the property) the deed and mortgage did not properly describe the land on which the house was built.

Thereupon the appellees filed a bill seeking reformation of the deed and mortgage to have the description therein conform to the two acres upon which the house was situated and for foreclosure.

Mrs. Dunn testified that she did not know where the two-acre lot as described in the deed was actually situated on the ground and "didn't care where they put it [the house] because I had given them the land". Mr. Hulsey testified that he did not know where the two acres were.

The case was tried ore tenus to the trial court which entered a decree reforming the deed and mortgage and ordering foreclosure.

This appeal is from the decree.

The appellants assign 23 grounds of error. However, they raise but two points.

■■ The first is that the court erred in allowing one of the surveyors to testify with respect to the manner in which he found the starting corner of the land because he testified that the corner of the property though well marked (in his words "marked as well as any corner in the country") was pointed out to him by Mr. Dunn, who was at the time of the trial, deceased. The appellants contend that this testimony violated the Dead Man Statute.—Title 7, § 433, Code of Ala. The Dead Man Statute does not disqualify this witness. The statute expressly provides that only those who have a pecuniary interest in the result of the suit are disqualified to testify about transactions with the deceased person. Under no stretch of the imagination can it be argued that the surveyor who testified that he had made a survey of the property had a pecuniary interest in the outcome of this litigation. This court has repeatedly held since the adoption of the Dead Man Statute that the testimony of a witness is not excluded where he is not a party to the suit, nor interested in the result.—See cases collated at Ala.Dig., Witnesses, ☞125, 139(1); and following Title 7, § 433, Code of Ala. The statute was never intended to disqualify disinterested witnesses.

The only other assignments of error simply assert that the trial court erred in entering a decree reforming the deed and mortgage.

The position of these appellants is difficult to understand. Throughout the trial below they testified that they had been satisfied that the house was on the land conveyed by the deed involved; they were satisfied with the house itself; they did not know that (according to a survey made after the foreclosure was begun) the mortgage did not describe the two acres on which the house was built. Mr. Hulsey testified that he had no objection to the foreclosure itself, that his interest was not

in preventing the foreclosure, but he would not sign documents requiring monthly payments in the amount of $89. The appellee Folsom testified that the Hulseys had picked out the site for the house. They did not deny that they had had the spot where the house was to be built graded and leveled. Now they assert that there was no evidence upon which the trial court could have concluded that the description contained in the deed and mortgage was erroneous. Both sides testified that they thought the deed and mortgage conveyed the land upon which the house was built.

■ We can imagine no case more inequitable than to hold that the appellees are not entitled to a reformation of these instruments to correct what is unquestionably a mutual mistake. In fact, there was evidence which would have supported a finding that the house was built on the property described in the deed and mortgage. The dispute is between two surveys made, one showing that the house is on the described property, the other that it sits just south of it. However, the court reformed the description to locate the two acres in accordance with a third survey. It is apparent that every party to this transaction—the Dunns who originally deeded the land to the Hulseys, the Hulseys and Tri-State—all thought that the deed described the land on which the house was built. Each of the parties intended to convey the two acres of land on which the house was built. The facts here indicate that there was an actual agreement for the conveyance of this two acres. If one survey is correct, the deed and mortgage do not describe this exact lot; we can't imagine a clearer case of mutual mistake. Therefore, the court had jurisdiction to reform these instruments to reflect the true intention of the parties.—McGehee v. Lehman, Durr & Co., 65 Ala. 316; Dozier v. Mitchell, 65 Ala. 511; Peacock v. Bethea, 151 Ala. 141, 43 So. 864; Hataway v. Carnley, 198 Ala. 39, 73 So. 382; Traylor v. Clayton, 205 Ala. 284, 87 So. 521; Gould-

ing Fertilizer Co. v. Blanchard, 178 Ala. 298, 59 So. 485; Hampton v. Reichert, 206 Ala. 463, 90 So. 311; Franklin v. Scott, 222 Ala. 641, 133 So. 684; McCay v. Jenkins, 244 Ala. 650, 15 So.2d 409; American Liberty Ins. Co. of Birmingham v. Leonard, 270 Ala. 17, 115 So.2d 470; Ballentine v. Bradley, 238 Ala. 446, 191 So. 618; Hughes v. Baker, 217 Ala. 81, 114 So. 688.

The decree appealed from is affirmed.

Affirmed.

LIVINGSTON, C. J., and COLEMAN, BLOODWORTH and McCALL, JJ., concur.

On Rehearing

SIMPSON, Justice.

The appellants raise the point on rehearing that we did not write to their motion to strike pages 80 and 81 of the record. In this they are correct. Their contention is that page 80 was a survey which the trial court allegedly considered in drawing its decree in this case, which survey was never introduced into evidence. There is no page 80 in the transcript filed in this court, and the only two surveys in the record are those introduced below and marked Complainants' Exhibits 3 and 4 respectively. The description of the property involved contained in the decree in all respects follows the description on the Gass survey (Complainants' Exhibit 3) save that the description in the decree specifically identifies the point of beginning. The Gass survey describes the point of beginning as follows: "beginning at the NW corner of the E ½ * * *" which corner he testified was clearly marked by a distinctive pile of rock. Surveyor Poe picked another point as the starting point, identifying it as the Mac Mangrum corner, which surveyor Gass testified was a "judicial corner", explaining that that meant one ordered by a court in a case involving a disputed line, and not a true "government survey corner".

The controversy concerned the location on the ground of this northwest corner. The Poe survey placed it some 150 feet north of the Gass survey. There was abundant evidence to sustain the physical location of the Gass corner and the decree adopts that corner but more specifically describes it by reference to the Southeast corner of Memorial Gardens Cemetery. There was evidence in the case that this property was close to the southern line of the cemetery.

We cannot assume that the court used illegal evidence in arriving at the description of the starting point for the property involved. It might have, but as we understand the record, even if it did it would be error without injury since there is evidence to support the decision reached that the Gass survey used the actual and correct starting point as it exists on the ground.

Rehearing denied.

HARWOOD, BLOODWORTH, MADDOX and McCALL, JJ., concur.