Jack J. Hughes, Inc. (Builder) brought an action seeking reformation of a deed and mortgage against William R. Wells and his wife, Wanda Wells (Wells), and First Bank of Russell County. The Bank filed a cross-claim seeking reformation of the same deed and mortgage and also asked the court to establish a lien in its favor upon land and a house thereon owned by Wells and constructed by Builder.
The trial court refused to reform the deed and mortgage, but did establish a lien in favor of the Bank on the Wells' property *Page 436 
upon which the house was constructed in the amount of $25,441.56 with interest at 6% per annum until paid in full.
The Builder and Bank appealed.
The litigation arose out of these facts: Mr. and Mrs. Wells purchased Lots 32 and 54 of Avalon Acres in Lee County. The Wells executed a purchase money mortgage on these two lots in favor of Avalon. Lot 32 consisted of more than eleven acres. In 1973, the Wells decided to have a house constructed on Lot 32. They discussed with a bank the procedure for securing financing through the Veterans Administration. They were advised that the V.A. required a site plan. The Wells had a site plan prepared which was approved by the V.A. The V.A. issued a loan commitment of $33,000 at 7 3/4% interest for thirty years. The Wells also obtained a release from Avalon describing by metes and bounds the property as platted on the site plan, which amounted to approximately 2 acres of the 11.8 comprising Lot 32. They then entered into a contract with the Builder to construct a house on that property and conveyed by warranty deed the property described by metes and bounds on which the house was to be built. The Builder, in turn, executed a mortgage on the same property to the Bank, which advanced the construction money to the Builder.
Wells and the Builder, while walking over the property, agreed to locate the house at the point where it was constructed. The property released from the Avalon mortgage and conveyed to the Builder thereafter mortgaged to the Bank was never marked by stakes or otherwise. The Builder and Wells agreed as to the location of the house without making any measurements. There were no reference points, grade stakes or iron pens. When the house was completed and a final survey was made to satisfy V.A. requirements, all parties, Wells, the Builder and the Bank, learned for the first time that the house "missed" being on the surveyed lot by two feet. The house was actually built on another part of Lot 32, which was also owned by Wells, subject to the mortgage in favor of Avalon.
Another survey was prepared which encompassed the exact quantity of land as the original. The house was located on the land included in the second survey. The V.A. approved the second survey, inspected the house, and issued its final approval of the permanent loan. The loan was prepared for closing but the Wells refused to close. They thereafter moved into the house and continued to live in it at the time of trial. They have no objection to the house by reason of its location.
Although there was some testimony that the Avalon Corporation agreed to execute a release of the property on which the house was situated, this was not done; and, in fact, the interest of Avalon in the mortgage covering the remainder of Lot 32 and Lot 54 was ultimately assigned to the Builder. The Wells continued to make payments of $109 per month on the note secured by this mortgage and it is not in default.
At the time of trial, the Builder was continuing to pay the interest on the construction loan and the Wells were occupying the house.
On appeal, the Bank and Builder contend that the trial court erred in refusing to reform the deed and mortgage to reflect the true intention of the parties, which was to construct the house on property owned by the Wells and not subject to the Avalon mortgage. Inasmuch as the Builder now holds that mortgage, no rights of a third party will be affected by reforming the deed and mortgage to describe the property upon which the house was actually built. On this point, we think the case is controlled by Hulsey v. Folsom, 286 Ala. 474,241 So.2d 889 (1970).
In Hulsey, supra, the Dunns deeded two acres of an eighty-acre tract to their daughter and son-in-law (the Hulseys) for the purpose of building a house. Thereafter, the daughter and son-in-law executed a mortgage to a builder which carried the same description of the property as the deed for the Dunns. After the house was constructed, it was discovered for the first time that the house was not on the two *Page 437 
acres described in the deed and mortgage. This court held that the builder was entitled to have the deed and mortgage reformed, saying:
 "We can imagine no case more inequitable than to hold that the appellees [Builders] are not entitled to a reformation of these instruments to correct what is unquestionably a mutual mistake . . . It is apparent that every party to this transaction — the Dunns who originally deeded the land to the Hulseys, the Hulseys and Tri-State — all thought that the deed described the land on which the house was built. Each of the parties intended to convey the two acres of land on which the house was built. . . ." (286 Ala. at 476, 241 So.2d at 892)
The court concluded that, under those facts, the instruments were due to be reformed to correct a mutual mistake. This case is indistinguishable.
The Wells argue that the Builder is precluded from maintaining this suit because it is a foreign corporation not qualified to do business in this state and, thus, its contract is void and the action barred under the provisions of Title 10, § 21 (89), Code (now § 10-2-254, 1975 Code). We cannot agree. First of all, this is not a suit on a contract. As this court said in Jones v. Americar, Inc., 283 Ala. 638, 643,219 So.2d 893, 896 (1969):
 "We think that which is prohibited in the Alabama statutes are suits on contracts by unqualified corporations . . ."
We would add — and only such suits. This court has consistently held that foreign, nonqualified corporations are not denied enforcement of property rights by our statutes.Jones v. Kendrick Realty Co., 287 Ala. 402, 252 So.2d 61
(1971).
Statutes such as ours which declare void, at the action of a nonqualified foreign corporation (or any person claiming under such corporation), all contracts or agreements entered into in this state are not only penal, but are, as well, in derogation of the common law. They, therefore, should be strictly construed. Sayers Muir Service Station v. Indian RefiningCo., 266 Ky. 779, 100 S.W.2d 687 (1936), cited with approval inJones v. Americar, Inc., supra. They should not be read so as to deny to litigants equitable rights long recognized by our jurisprudence. To deny to the Builder in the instant case the relief it seeks because of § 10-2-254, 1975 Code, would not only result in a decision which would unjustly enrich the Wells but would also read into the statute a prohibition which is not there.
The judgment appealed from is reversed and remanded.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.