ADAMS, Justice.
This is an appeal by Pembroke Steel Company, d/b/a Nelson Conveyors and Machinery Company, (hereinafter Pembroke) from the Pickens County Circuit Court’s grant of summary judgment in favor of Energy Resources — Imports and Exports, Inc., (hereinafter ERIE) declaring void and expunging from the probate record two mechanic’s lien statements filed by Pembroke against real property owned by ERIE.
The issue to be decided is whether a foreign corporation is prohibited from filing a mechanic’s lien statement to secure payment under a construction contract partially performed within Alabama and enforcing the mechanic’s lien in a foreign court if the corporation was not qualified to do business in Alabama at the time the contract was made or partially performed, but had qualified before the filing of the lien statements. The trial court held that this procedure was not permissible and that the mechanic’s lien statement was a nullity. We affirm.
Pembroke is a Georgia Corporation which first qualified to do business in Alabama on June 12, 1984. Prior to that time, Pembroke had contracted with ERIE, a Texas corporation, to construct a barge terminal and loading facility on ERIE’S property along the Tombigbee River in Pickens County, Alabama. Work on the facility began in November 1983, but, because of a dispute between the parties, Pembroke ceased working in May 1984. On May 23, 1984, Pembroke filed two mechanic’s lien statements in Pickens County Probate Court against real property upon which the ERIE barge terminal facility was situated. After qualifying to do business in Alabama, Pembroke again filed its lien statements on July 10, 1984. ERIE brought suit in the circuit court to have Pembroke’s lien statements voided and to expunge the probate record. On September 28, 1984, Pembroke filed suit against ERIE in the United States District Court for the Southern District of Texas, seeking to recover on its contract with ERIE and to enforce the mechanic’s liens filed in Alabama.
This suit was then brought in Pickens County Circuit Court. After allowing each party to brief and orally argue the issue on motion for summary judgment, the circuit court granted ERIE’S motion on December 6, 1984, and expunged the lien statements filed by Pembroke against ERIE’S property.
The trial court held that because Pembroke was not qualified to do business in Alabama prior to conducting business here, it was precluded from filing suit in Alabama to enforce its mechanic’s liens. Moreover, the trial court held that any proceeding to enforce the mechanic’s liens could be filed only in the county where the property subject to the lien was located, here Pickens County, Alabama. Since enforcement of the mechanic’s liens can only be accomplished by filing suit in Pickens County, and Pembroke was precluded from doing so, the trial court found that the lien statements, standing alone, served no effect other than to cloud title to ERIE’S real property. We agree with the trial court’s result.
Alabama has long held that a foreign corporation doing business within this state without first having qualified to do business here cannot maintain an action to enforce a mechanic’s lien. Gray-Knox Marble Co. v. Times Building Co., 255 Ala. 554, 144 So. 29 (1932). More recently, in Sanjay, Inc. v. Duncan Construction Co., 445 So.2d 876 (Ala.1984), the majority said:
Our Constitution and statutes have created a bar precluding enforcement of *357 contracts made by foreign corporations that failed to qualify before and at the date of the contract, where the contract is to be performed in Alabama. Sea Scaping Const. Co., Inc. v. McAtee, 402 So.2d 919 (Ala.1981); Cable Piano v. Estes, 206 Ala. 95, 89 So. 372 (1921).
445 So.2d at 881. The trial court in the present case relied upon the holding in Sanjay to decide the issue presented.
In Sanjay, a non-qualified foreign corporation entered into a contract to construct a motel in Alabama. Eight months subsequent to beginning work on the project, the corporation qualified and thereupon filed and sought to enforce a mechanic’s lien against the project contractor. The contractor obtained a judgment in the circuit court declaring that the underlying contract was void due to the non-qualified status of the builder and, therefore, that the mechanic’s lien was unenforceable. We affirmed.
Although the contract in the instant case was entered into outside the State of Alabama, we noted in Sanjay that the prohibition against the enforcement of a contract by a non-qualified corporation applies to contracts entered into outside the state but performed within Alabama. Sanjay, supra, 445 So.2d at 878-79.
Pembroke argues that unlike the corporation in Sanjay, it does not seek enforcement of its contract and mechanic’s lien in Alabama, but, rather, seeks to enforce them in the federal district court in Texas, and that the public policy of Alabama which forbids enforcement of contracts by non-qualified foreign corporations in the courts of this state is not offended because the filing of a mechanic’s lien statement is not the enforcement of its contract with ERIE. Pembroke relies upon First Bank of Russell County v. Wells, 358 So.2d 435 (Ala.1978), wherein the Court, discussing the propriety of an action by a non-qualified corporation to reform a mortgage and deed, opined:
First of all, this is not a suit on a contract. As this court said in Jones v. Americar, Inc., 283 Ala. 638, 219 So.2d 893, 896 (1969):
“We think that which is prohibited in the Alabama statutes are suits on contracts by unqualified corporations....” We would add — and only such suits. This court has consistently held that foreign, nonqualified corporations are not denied enforcement of property rights by our statutes. Jones v. Kendrick Realty Co., 287 Ala. 402, 252 So.2d 61 (1971).
358 So.2d at 437.
This Court in Sanjay, supra, explained the above-quoted language of First Bank of Russell County and found, as we do here, that “any way you slice it, the action in this suit [the enforcement of the mechanic’s lien] was ex contractu.” 445 So.2d 879. (citation omitted). The fact that Pembroke has merely filed a lien statement and does not seek to enforce its lien through the Alabama courts does not persuade us to hold differently here.
We find, as did the trial court, that the lien statement, standing alone, serves no beneficial purpose without a validly instituted judicial proceeding in a court of competent jurisdiction to enforce the lien. As stated in Copeland v. Kehoe, 67 Ala. 594 (1880):
A builder’s or mechanic’s lien is purely statutory. Its character, operation and extent must be ascertained by the terms of the statute creating and defining it. Of itself, it is a peculiar, particular, special remedy given by statute, founded and circumscribed by the terms of its creation....
67 Ala. at 597.
The procedures of these statutory provisions must be strictly construed and closely adhered to. Hartford Accident & Indemnity Co. v. American Country Clubs, Inc., 353 So.2d 1147 (Ala.1977). Code 1975, § 35-11-213, provides in part:
It shall be the duty of every person entitled to such lien to file in the office of the judge of probate of the county in which the property upon which the lien is sought to be established is situated, a statement in writing....
*358 Code 1975, § 35-11-220, dictates the proper forum for the enforcement of the mechanic’s lien filed as required by Code 1975, § 35-11-213:
When the amount involved exceeds $50.00, actions for the enforcement of liens under this division may be brought in the circuit court having jurisdiction in the county in which the property is situated. In all other cases actions to enforce such liens shall be brought before the district court in the county in which the property is situated.
We held in United Supply Co. v. Hinton Const. & Development, Inc., 396 So.2d 1047, 1049 (Ala.1981), that “because of the jurisdictional mandate of § 35-11-220,-the court adjudicating the action must be located in the same county as the land.” It is clear that only the courts of Pickens County have jurisdiction to enforce Pembroke’s mechanic’s liens and that Pembroke may not enforce its liens there because it failed to timely qualify to do business in this state. Although the mere filing of the lien statement with the probate court is not technically the enforcement of the mechanic’s lien, it is the preliminary step to the enforcement of the lien. Without a forum in which to pursue enforcement of its lien, Pembroke’s lien statement serves no valid purpose, and it was therefore properly held to be a nullity and expunged from the probate court record. The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, FAULKNER, ALMON and SHORES, JJ„ concur.