79 So.2d 555

**R. B. GREEN**

v.

**STATE.**

**8 Div. 551.**

Court of Appeals of Alabama.

April 12, 1955.

H. T. Foster, Scottsboro, for appellant.

John Patterson, Atty. Gen., and J. Noel Baker, Asst. Atty. Gen., for the State.

HARWOOD, Judge.

A complaint was filed against this appellant in the Jackson County Court charging him with the possession of prohibited liquors.

Prior to trial the appellant filed (1) a plea challenging the legality of the court; (2) a motion for a continuance; (3) a motion to quash the venire; and (4) a motion to suppress the evidence.

All such pleadings were disposed of adversely to the appellant.

*Plea to the legality and jurisdiction of the Jackson County Court.*

This plea challenges the jurisdiction of the court to try the defendant on the grounds that the local act creating the court is unconstitutional in that notice of said act was not advertised for four consecutive weeks as required by Article 4, Sec. 106 of the Constitution of 1901.

The State's demurrer to the plea was sustained by the court.

Section 106, supra, provides that no local law shall be passed on any subject not enumerated in Section 104 of the Constitution except in reference to the time of holding courts, unless notice of the intention to apply therefor shall have been published at least once a week for four consecutive weeks in a newspaper published in the county, or if there is no newspaper so published, then by posting notice for four consecutive weeks at five different places in the county.

■ Since the plea fails to show that a newspaper was published in Jackson County in which the notice could have been published, and since it fails to show that the alternative method of publication was not had, the plea is defective and the demurrer thereto was properly sustained.

*Motion for a continuance, and Motion to quash the venire.*

■ Both of these motions are posited upon the allegation that on 13 October 1953 the court, on motion of the solicitor, quashed a venire theretofore drawn on 9 October 1953, without notice to the appellant.

Neither motion asserts fraud in the drawing of the present venire. No objection can be taken to any venire of jurors except for fraud in drawing or summoning the jurors. Section 46, Title 30, Code of Alabama 1940.

These two motions were therefore properly denied.

*Motion to suppress the evidence.*

The motion to suppress the evidence asserts that the evidence obtained in this case was by search of appellant's dwelling house, by a person not authorized by law to act.

A motion to suppress evidence has heretofore been a stranger to our jurisprudence for the reason that illegally obtained evidence is admissible under the doctrines of our cases. See Alabama Digest, Criminal Law, ☞395 for innumerable authorities.

However, by Act approved September 12, 1951, Section 210, Title 29, Code of Alabama 1940, Pocket Part, the statute relating to the issuance of search warrants

for seizure of prohibited liquors was amended by adding the following provisions:

"No evidence obtained by means of an illegal search of the private dwelling of any person shall be admissible in any court in the prosecution of any person for violating any of the provisions of this title. A search is deemed illegal unless, (1) a valid search warrant has been issued in full compliance with law, including section 214 of this title, and warrant is executed according to law."

In reference to a motion to suppress or exclude evidence, we find the following in 20 Am.Jur., Evidence, Sec. 396:

"In jurisdictions which adhere to the rule denying the admissibility of evidence procured by an illegal search and seizure, the accused must interpose a timely challenge to the validity of the seizure and the competency of the evidence. In the absence of express statutory remedy, a motion or an application to suppress evidence wrongfully seized by an illegal search and to direct its return to the applicant is the proper remedy; and upon such an application, the question of the illegality of the seizure is heard and determined as an independent issue. If, upon such application, the accused can show in fact that the evidence in question was secured by an unlawful search and seizure, the evidence will be suppressed. If, on the other hand, it appears that the search was on probable cause and not unreasonable, the motion to suppress evidence thereby obtained will be denied. The fact that the article seized is contraband because its possession is forbidden by law does not prevent suppression of it as evidence, when it is illegally seized by an officer in searching without warrant a person peaceably passing along a public street. Upon such an application, the question is not whether the defendant was in lawful or unlawful possession, but whether it was taken from him unlawfully. If the evidence at the trial is sufficient to justify refusal to return property seized without warrant, it may be introduced in evidence, although the evidence may have been insufficient to warrant such refusal when application was made for the return.

"Some courts, while affirming the constitutional barriers against use of illegally obtained evidence, confine an application for its exclusion to a motion before trial, refusing to determine the issue during the course of a trial. Other courts do not require a motion before trial to return articles illegally seized in possession of an accused in order to exclude them from use as evidence against him at the trial, but permit a motion for their exclusion to be made when, in the progress of a criminal trial, it becomes probable that there has been an unconstitutional seizure of property of the accused; these courts will, upon such motion, consider and decide the question as then presented, even where a motion to return the property may have been denied before trial."

■ It would appear therefore that Section 210, supra, would, to the limited conditions of such section, that is, search of a private dwelling for prohibited liquors, serve as a basis for the introduction and use of a motion to suppress evidence in our procedure.

■ The motion in the present case was however properly denied.

The contention of the appellant in support of his motion was that the officer executing the duly issued search warrant was not authorized by law to execute such warrant.

The evidence shows that the warrant was executed by duly commissioned enforcement agents of the Alcoholic Beverage Control Board of the State of Alabama. As such they were lawful officers of this State, Section 260, Title 29, Code of Ala-

bama 1940, and under the provisions of Section 213, Title 29, Code, authorized to execute the search warrant.

The evidence presented by the State showed that enforcement officers of the Alabama Beverage Control Board, armed with a search warrant, searched the home of this appellant in Jackson County, a dry county. Therein they found over eleven cases of whiskey, and some 58 cases of beer. Statements confessory in nature were made to the officers by the appellant during the search.

No evidence was offered by the defense.

The court's rulings were invoked innumerable times during the trial below. During the direct examination of the witnesses for the State an objection was interposed to virtually every question propounded. We have examined all such rulings. No useful purpose would be served by writing to them since the rulings in most instances involved elementary principles of evidence and were patently correct, and in the remaining few instances could not rationally be said to have probably injured the accused in his substantial rights.

Affirmed.