167 So.2d 291

**Ruth BROWN**

v.

**STATE of Alabama.**

**7 Div. 652.**

Supreme Court of Alabama.

Sept. 3, 1964.

Richmond M. Flowers, Atty. Gen., and Leslie Hall, Asst. Atty. Gen., for petitioner.

Loma B. Beaty, Fort Payne, opposed.

COLEMAN, Justice.

The state applies for certiorari to review a decision of the Court of Appeals wherein that court reversed a judgment of conviction and rendered a judgment discharging the defendant in a prosecution for illegal possession of prohibited liquors.

Endorsements on the record indicate that, in the Court of Appeals, on November 12, 1963, the record was stricken and the appeal was dismissed; that on November 27, 1963, the Court of Appeals, on its own motion, placed the cause on rehearing; and that on April 7, 1964, the Court of Appeals reversed the judgment of the trial court and rendered the judgment discharging defendant.

The state complains of the decision of the Court of Appeals in two particulars, the first complaint being as follows:

"* * * the Court of Appeals erred in said cause in its action in ex mero motu placing the case on rehearing after having stricken the case and dismissing the appeal, and restoring the case to the docket, vacating the original opinion and considering the cause as newly submitted without notice of such action nor affording the Appellee an opportunity of filing a Brief and Argument in response thereto."

■ A cause may be placed on rehearing, during the term in which decision was rendered, by a justice of the Supreme Court. Alabama Co. v. Brown, 207 Ala. 18, 25, 92 So. 490; Myers v. Moorer, 273 Ala. 18, 134 So.2d 168. It would appear that such justice should be one who was of the majority on original deliverance. In the absence of statute, it is generally held that the power of an appellate court over its judgments, like that of courts generally, persists to the end of the term at which the judgment is rendered. Chapman v. St. Stephens Episcopal Church, 105 Fla. 683, 138 So. 630, 84 A.L.R. 566. To hold to the contrary would be to declare that the appellate court has power to correct the errors of all other tribunals of the government while faithfully adhering to and perpetuating its own. Chapman, supra.

■ While the supreme court has the power of superintendence and control over decisions of the Court of Appeals; Section 140, Constitution of 1901; Ex parte Louisville & Nashville R. R. Co., 176 Ala. 631, 58 So. 315; the latter court "shall have final appellate jurisdiction * * * of all misdemeanors * * * and all felonies, where the punishment has been fixed at twenty years or under," § 86, Title 13, Code 1940; and "Appeals to said court shall be taken * * * with the effect and subject to the limitations and restrictions * * * provided by law with respect to appeals to the supreme court and the rules * * * obtaining with respect to applications for rehearings in the supreme court shall apply to said court of appeals." § 90, Title 13, Code 1940.

■ With respect to causes within the jurisdiction of the Court of Appeals, that court has the same power to grant rehearings as does the Supreme Court.

The state recognizes the stated rule but insists that the Court of Appeals erred in vacating its original decision and rendering the decision here complained of without giving to the state "notice of the pendency of such rehearing and an opportunity to be heard or to file briefs and arguments relating to such action." In short, the state

argues that we should reverse the Court of Appeals because it failed to notify the state that the cause had been placed on rehearing ex mero motu.

■ We incline to the view that, when an appellate court, on its own motion, places a cause on rehearing, the better practice, in most cases generally, is to notify the parties and afford them reasonable opportunity to file briefs if they desire so to do. On the other hand, we know of no statute or rule, and are cited to none, which requires this court or the Court of Appeals to give such notice as a condition precedent to granting a rehearing on its own motion and reversing its own decision. The parties are not denied the right to be heard because they have already had that right prior to original submission of the appeal.

■ On this reasoning, we are of opinion that the state's first complaint against the decision of the Court of Appeals is not well taken.

The state's second contention is that the Court of Appeals erred in considering the admissibility of illegally obtained evidence where defendant did not make a motion to suppress that evidence prior to trial.

Annotation on the necessity of pretrial motion to suppress illegally obtained evidence appears in 50 A.L.R.2d at page 583. The annotator notes that the authorities are divided.

If illegally obtained evidence is inadmissible before the trial, it is still inadmissible at the trial if the circumstances have not changed. We are of opinion that the better rule is that a pretrial motion to exclude is not necessary. A statement of the reasoning of one court is as follows:

"* * * the court in Youman v. Commonwealth (1920) 189 Ky. 152, 224 S.W. 860, 13 A.L.R. 1303, said: 'In our practice the proper time, and the only time, in which objection can be made to the introduction of evidence by the mouth of witnesses, is

when it is offered during the trial, and we cannot think of any good reason why this practice should not obtain in a case like the one we are now considering. We confess our inability to appreciate the force of the reasoning that has resulted in the adoption of the rule that an exception to the general practice should be made in cases like this, on the ground that, if objection to the introduction of the evidence unlawfully obtained was permitted to be first made when it was offered in the course of the trial, the result would be to delay unnecessarily the trial of the case, and require the court to go into a collateral issue for the purpose of determining whether the evidence offered had been lawfully or unlawfully obtained. It is a matter of common experience in the practice of law that in almost every jury trial the court must occasionally stop for a time to pass on the competency of evidence to which objection is made, for the purpose of considering the question raised, and in some cases, as, for example, where a dying declaration is offered in a homicide case, and objection is made to its competency, it is the general practice for the court to hear away from the jury the evidence relating to the declaration, for the purpose of determining whether it should be admitted. In the trial of other cases, such as burglary, arson, robbery, and embezzlement, evidence of other crimes committed by the accused is often admissible against him, although evidence of this nature may bring into the case collateral issues.

"* * * And we do not quite understand how objection to evidence on the ground that it was unlawfully obtained would unreasonably delay the trial of the case, any more so than would an objection made to other important evidence, or how it would inject into the case a collateral issue that would take more time to dispose of than would be required in the disposition of questions involving collateral issues

that come up in the trial of almost every important case. * * *.' " (50 A.L.R.2d 590)

We do not hold that a pretrial motion to suppress is improper, but do hold that such motion is not necessary and that objection may be made for the first time when the illegally obtained evidence is offered at the trial. Under this view, the state's second claim of error is not well taken.

Writ denied.

LIVINGSTON, C. J., and LAWSON and GOODWYN, JJ., concur.