Thomas Williams, pro se.

**Thomas WILLIAMS, Petitioner,**

v.

**William C. HOLMAN et al., Warden, Kilby Prison, State of Alabama, Respondents.**

Civ. A. No. 2161–N.

United States District Court
M. D. Alabama, N. D.

Feb. 26, 1965.

JOHNSON, District Judge.

The petitioner Williams, by order of this Court made and entered herein on February 4, 1965, filed in forma pauperis an application for a writ of habeas corpus. The petitioner alleges that he is presently incarcerated by the State of Alabama at Kilby Prison, Montgomery, Alabama, in violation of his constitutional rights. He alleges further that his constitutional rights were violated by the State of Alabama, acting through the Circuit Court of Madison County, Alabama, in 1958, at which time he was found guilty of the offense of assault with intent to murder and was sentenced upon a jury verdict of guilty to a term of ten years' imprisonment in the State penitentiary. In the petition now presented Williams says that his constitutional rights were violated and his present incarceration is illegal in that he was denied the assistance of counsel, denied the right to have witnesses to appear in his behalf and denied the right to appeal.

Upon this showing this Court in its order of February 4, 1965, directed that the respondent Warden, and/or any other appropriate officials acting for or in be-

half of the State of Alabama, appear in this cause on or before March 1, 1965, and show cause why this Court should not issue the writ of habeas corpus as herein prayed for by petitioner Williams. Pursuant to this order, the respondents, by and through the Attorney General for the State of Alabama, filed with the Clerk of this Court on February 17, 1965, a return and answer and, in the alternative, a motion to dismiss the application of Williams. With this return and answer, the respondents present a full and complete transcript of the coram nobis proceedings filed in the Circuit Court of Madison County, Alabama, wherein the petitioner Williams was seeking relief in said Circuit Court upon substantially the same grounds that he now presents to this Court.

From the return and answer, together with the transcript of record and the traverse to said return filed by the petitioner, it affirmatively appears that there is presently pending in the Court of Appeals of Alabama an appeal by Williams from the adverse decision of the Circuit Court of Madison County, Alabama, upon his petition for a writ of error coram nobis. The respondents move, therefore, that this petition, as now presented, be dismissed for the reason that Williams has failed to exhaust his available State remedies within the meaning of Title 28, § 2254, United States Code. To this the petitioner Williams argues that his appeal has been pending an unreasonably long time and, for that reason, he has, for all practical purposes, been denied any effective relief by the courts of the State of Alabama and has, therefore, within reason, exhausted his available State remedies. On the face of the record, without more, it appears that there is some merit to petitioner Williams' contentions in this regard. The Circuit Court of Madison County, Alabama, in an order and judgment made and entered November 29, 1962, denied Williams' petition for a writ of error coram nobis. Williams gave

timely notice of appeal. The transcript of the coram nobis proceeding was not filed with the Court of Appeals of Alabama until October 24, 1963. The matter has been pending in the Court of Appeals of Alabama since that date. Upon the record, as now presented, it appears that this is an unreasonably long time for such a matter to be held by any court without adjudication. However, this Court is extremely reluctant upon this record, as now presented, to say that this delay has not been justified. This Court takes judicial knowledge of the work load of the three judges now constituting the Alabama Court of Appeals, this work load being composed in large part by post-conviction proceedings filed by State prisoners, particularly since March, 1963, at which time the Supreme Court of the United States decided Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770; Gideon v. Wainwright, etc., 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799; Douglas, et al. v. People of State of California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 and Fay, Warden, et al. v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L.Ed.2d 837. Furthermore, this Court takes judicial notice of the fact that the Court of Appeals of Alabama is making a conscientious effort to apply the principles as laid down in the decisions just referred to and the several decisions of the Supreme Court of the United States relating to the substantive and procedural rights of State prisoners decided since March 1963, through Stanford, Petitioner v. State of Texas, Jan. 18, 1965, 85 S.Ct. 506. In this connection, see Barnes v. State, Oct. 1964, Ala., 169 So.2d 313, where the Court of Appeals of Alabama unanimously held that Gideon v. Wainwright, supra, "works retrospectively." See also Knox v. State, Dec. 15, 1964, Ala.App., 172 So. 2d 787 (rehearing denied January 9, 1965),[1] wherein Judge Cates, in a separate concurring opinion, stated as follows:

"What we decide here is threefold: (1) Brown v. State [277 Ala.

1. This case is now pending on a petition by the State of Alabama to the Supreme Court of the State of Alabama, for certiorari.

108], 167 So.2d 291—even though merely denying certiorari—expressly disapproved our prior dicta as to the need for the pretrial motion to suppress; (2) Ker v. State of California, 374 U.S. 23, 83 S.Ct. 1623, 10 L.Ed.2d 726, and Aguilar v. State of Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723, require that certain minimal evidence of probable cause be laid before the judge who issues the search warrant; and (3) the supremacy clause of the Federal Constitution forces us to declare that Porch v. State, 38 Ala.App. 565, 89 So.2d 694, Edmunds v. State ex rel. Dedge, 199 Ala. 555, 74 So. 965, and Toole v. State, 170 Ala. 41, 54 So. 195, insofar as making the issuance of a warrant incontestable except before the issuing court, set forth bad law.

"The only barrier to this result is in Code 1940, T. 13, § 95, which reads:

" 'The decisions of the supreme court shall govern the holdings and decisions of the court of appeals, and the decisions and proceedings of such court of appeals shall be subject to the general superintendence and control of the supreme court as provided by section 140 of the Constitution of the state.'

"However, this section being derived from § 140 of the Constitution of 1901 relates only to matters in which the Supreme Court of Alabama is infallible because it is final. Manifestly, on Federal questions the only priority the Supreme Court of Alabama has over us is that of being the next link in the chain of command.

"The command of Article 6, Cl. 2, of the United States Constitution is not indirectly linked to us through intermediary ministrations. The Supremacy Clause is a mandate to each and every of our judges, State and Federal." (Footnotes omitted.)

It is apparent to this Court from the foregoing that the Alabama Court of Appeals is demonstrating an acute awareness of its "front line" responsibility for the enforcement of the constitutional rights of all citizens, particularly persons seeking relief in post-conviction proceedings. This Court will not, therefore, in this case at this time, enter an order the effect of which would be to find otherwise.

In accordance with the foregoing and for good cause, it is the order, judgment and decree of this Court that the petition of Thomas Williams, for a writ of habeas corpus, filed herein in forma pauperis by leave of this Court in its order of February 4, 1965, be and the same is hereby denied.

It is further ordered that this cause be and the same is hereby dismissed.

The Clerk of this Court is ordered and directed to forward copies of this order to Thomas Williams in care of the Warden, Kilby Prison, Montgomery, Alabama, and to the Honorable Richmond M. Flowers, Attorney General, State of Alabama, Montgomery, Alabama, attorney for the respondents.