199 So.2d 177

**Bryan L. WINFREY**

v.

**STATE.**

**6 Div. 305.**

Court of Appeals of Alabama.

May 9, 1967.

Bryan L. Winfrey, pro se.

MacDonald Gallion, Atty. Gen., for the State.

PER CURIAM.

Appellant's motion to dismiss is granted.

Dismissed.

CATES, Judge (dissenting).

Because these appeals are patently dilatory and frivolous, I consider the motion to dismiss lacks bona fides. This motion comes neatly typed from Kilby Prison, is replete with legal semantics, but glosses over the essential fact that the movant pleaded guilty below.

I.

April 20, 1967, Winfrey submitted, on a consolidated record, four appeals.

December 9, 1966, he had, with counsel in attendance, pleaded guilty in open court on four indictments embracing: 1) False pretense; 2) Forgery;[1] 3) Burglary, second degree; and 4) Grand larceny.

There being no testimony to support conviction, judgment was entered on each plea of guilt separately and four cumulative (or consecutive) sentences each of one year and a day were fixed by the trial judge sitting without a jury.

II.

I think we should have carefully reviewed each case under Code 1940, T. 15, § 389, and affirmed each judgment appealed from.

Winfrey, one week after submission, has filed a motion to withdraw all four appeals. Winfrey moves that we dismiss his appeal

"without prejudice." To me a dismissal of an appeal without the consent of the State must be in the nature of an absolute and irrevocable retraxit. Hence, I vote to take the causes up on the merits.

---

1. The indictment follows Form No. 64, Code 1940, T. 15, § 259, second degree forgery.