324 So.2d 341

**William Daniel JOHNSON**

v.

**STATE.**

**8 Div. 421.**

Court of Criminal Appeals of Alabama.

Dec. 16, 1975.

William J. Baxley, Atty. Gen., and William A. Davis, III, Asst. Atty. Gen., for the State.

Donald R. Harrison, Montgomery, for appellant.

CATES, Presiding Judge.

Johnson, in a single trial, was found guilty of second degree murder under two counts. Pursuant to the verdicts the trial judge sentenced Johnson to thirty-five years and ten years, respectively, with the latter sentence to run concurrently with the first.

I

This double murder was a Tobacco Road episode accompanied by adultery, al-

cohol, amphetamines and automobiles. The testimony was substantially the same as shown on the appeal of Johnson's brother. See *Johnson v. State,* 55 Ala.App. 581, 317 So.2d 548.

Witnesses other than those in that trial were:

(1) Anderson Ayers, Russellville's chief of police, who witnessed a written exculpatory statement given and signed by the appellant on appellant's being interrogated by the district attorney;

(2) Jennifer Hacker, appellant's sister, testified that he was analphabetic not having got past the fourth grade; and

(3) Boddy McCullar, bailiff of the circuit court, testified as to having gone to Spruce Pine School with appellant and the scantiness of his schooling.

James Hickman, William O'Neal, V. J. Hacker, Beth Robinson and appellant did not testify. The photographs introduced in Charles Leon Johnson's trial were also exhibits in the instant record. What was said in Part IV the opinion, 317 So.2d at 555, applies here.

## II

■ The only refused charges considered by us are those numbered 16, 17, 18, 19 and 20. The others listed by the circuit clerk as refused bear no endorsement by the trial judge. Without an endorsement a written charge is not properly before us. *Hill v. State,* 48 Ala.App. 240, 263 So.2d 696.

■ Charges 16–20 in referring to the decedents used the expression "either decedent" or "any offender" in an effort to describe the justifiable killing in defense of a wife. Such ambiguity had a tendency to confuse the jury. Hence, the trial judge did not err in refusing them.

## III

■ Counsel appointed by the trial court failed to submit a brief. *Anders v.*

*California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493, does not condone such neglect of an indigent client. Moreover, if wilful, it—in appeals taken after December 1, 1975—furnishes a ground for a contempt citation by this Court under ARAP Rule 48. In this case the matter is with the trial judge.

Under § 318(4), T. 15, of Michie's Code, writer appointed Hon. Donald R. Harrison to supplant counsel appointed by the trial court. Mr. Harrison has promptly filed an excellent brief raising all arguable points arising from the record.

A minute entry of November 27, 1972, eleven days after judgment (and long before the record came here), reads:

"On this November 27, 1972, Defendant with attorney appeared and notified the court that he wanted to dismiss his appeal. Appeal dismissed."

■ This dismissal, not being in writing signed by the defendant or his counsel, was ineffectual under Code 1940, T. 15, § 381.

## IV

Appellant filed on October 11, 1972, a pretrial motion to suppress "any and all statements" made by him to police, sheriff's "Department" or the District Attorney. Grounds assigned were (1) custodial interrogation without defense counsel, (2) no *Miranda* warnings, and (3) alternatively, no understanding waiver of rights conferred by *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ The judgment entry under date of November 7, 1972, shows an appearance by appellant with counsel, testimony taken on the motion to suppress and an order entered overruling it. No transcript of that testimony has been sent up. Hence, we have nothing to review. Under *Brown v. State,* 277 Ala. 108, 167 So.2d 291, a pretrial motion to suppress is not mandatory.

Such a motion was born of the rule of exclusion ex necessitate. *Green v. State,*

38 Ala.App. 189, 79 So.2d 555. *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed. 2d 1081, nurtured it to the stature of the infant Hercules. However, such pretrial suppression is not the sole remedy for excluding illegal evidence. *Brown v. State*, supra.

■ On the main trial objection was made to the reception of the statement. However, the State established prima facie the *Miranda* and pre *Miranda* predicates. No motion was made to withdraw the jury. Hence, the duty was not on the court ex mero motu to withdraw the jury. *State v. Wilbanks*, 289 Ala. 166, 266 So.2d 619. *Vincent v. State*, 284 Ala. 242, 224 So.2d 601; *McBee v. State*, 50 Ala.App. 622, 282 So.2d 62; Anno. 1 A.L.R.3d 1251, § 4.

We have examined the whole record and consider, under § 389, T. 15, Code 1940, that the judgment below should be

Affirmed.

All the Judges concur.