The appellant, Ronnie Biggs, was indicted on a charge of burglary in the first degree, found guilty as charged by a jury in the circuit court of Montgomery County, and sentenced to twenty years in the penitentiary, and appeals to this Court.
This appeal was submitted to this Court on briefs. The appellant was represented by counsel of his choice in all proceedings in the trial court, and is represented in this Court by the same counsel by court appointment.
The record filed in this Court on August 20, 1976 did not contain a ruling by the trial court on a plea of former conviction of the appellant for an offense of rape committed on the same occasion of the burglary with which he is now charged. Upon motion of the appellee the record has been corrected, and now shows that the sufficiency of appellant's plea of former conviction was argued at length, and submitted to the trial court, was by order of trial judge held insufficient, and the ruling of the trial court excepted to by the appellant. The question presented is this: Is a conviction of appellant for rape a defense to burglary committed by the appellant on the same occasion, and in the same transaction when he committed the offense of rape?
Burglary being an offense against property, and rape being an offense against person, we hold that they are separate and distinct offenses, and are completely unrelated. A conviction of one is no defense to the other. Alola v. State, 39 Ala. App. 215, 96 So.2d 816; State of Alabama v. Standifer et al., 5 Port. 523; Gunter v. State, 111 Ala. 23, 20 So. 632; Brown v.State, 236 Ala. 423, 183 So. 412; Jones v. State, 50 Ala. App. 174, 277 So.2d 920.
Appellant complains that the trial court did not have jurisdiction to try the case *Page 469 
against him on the merits without first ruling on appellant's motions to suppress. In the record before us we find two motions to suppress. One is a written motion to suppress all the evidence found and obtained as a direct and proximate result and consequence of statements of the appellant; the affidavit and warrant of arrest; and the affidavit and search warrant or warrants in this case. There was no request for a hearing, no hearing, no evidence in support of the motion, and no ruling on the motion by the court.
We also find an oral motion to suppress evidence with reference to a police lineup. This motion was made in open court after the jury to try the case had been selected, and the witnesses put under the rule. No evidence was offered on the motion. The court, after hearing statements made by counsel, out of the presence of the jury, denied appellant's motion, and informed counsel that he would rule on the matters when the time comes as to whether they are admissible or not.
We hold that as to the written motion to suppress there is nothing presented to this court for review. As to the oral motion, we hold that a pretrial motion to suppress is not necessary, and that objection to the introduction of illegally obtained evidence may be made for the first time when illegally obtained evidence is offered at the trial. The trial court did not commit error harmful to appellant in its ruling. Johnsonv. State, 56 Ala. App. 627, 324 So.2d 341; Brown v. State ofAlabama, 277 Ala. 108, 167 So.2d 291.
Appellant contends that the trial court erred to his prejudice in overruling his objection to the introduction of a picture of a lineup consisting of five persons three police officers, unknown to the witness, who was also the injured party, the appellant and a friend of the appellant, who were known to the witness, and overruling his objection to the court's allowing the witness to testify that she identified the appellant in the lineup. The appellant assigned two grounds for his objection. One that appellant was not represented by counsel at the lineup, and second that the lineup as conducted violated standards of justice and fair play. The record discloses that the burglary occurred around one o'clock, A.M. on March 6, 1974. At that time the injured party observed appellant in her bedroom, called police who arrived at her home about one-thirty o'clock, A.M., she knew the appellant, and at that time gave the officers his name. At eleven o'clock, A.M. the appellant voluntarily came to police headquarters with a friend. A lineup of five persons was arranged consisting of three members of the police department, a friend of appellant, and the appellant. The injured party had talked by telephone to one of the police officers who was in the lineup, but did not know any of them by sight, but did know appellant, and his friend. She was escorted to the lineup room by an officer of the police department who had not discussed the burglary with any of the officers in the lineup, or investigating the case except, that he was requested to escort the injured party into the lineup room. He had no discussion about the burglary with the injured party other than just before entering the lineup room he instructed her, as follows: To enter the lineup room, view the lineup, say nothing, make no gestures, and then when she gets ready, she walks out, and he would go out behind her. She is to say nothing. Nothing was said to her by anyone while in the lineup room. The lineup was conducted at about 12:35 P.M. on March 6, 1974. The injured party identified appellant in the lineup. No warrant had been issued for appellant's arrest; and no adversary judicial proceedings had been initiated against him. An indictment was returned against the appellant May 8, 1974. The injured party made an in-the-court identification of appellant. We have searched the record and do not find any evidence to indicate that any effort was made by any person to influence the results of the lineup. In fact, it appears that it was conducted in a fair and impartial manner, and as a precaution to protect the appellant against the possibility of a mistaken identification. We hold that the *Page 470 
appellant has no absolute right to counsel at a lineup held before adversary judicial proceedings have been initiated against him. White v. State, 48 Ala. App. 334, 264 So.2d 565;Wright v. State, Ala.Cr.App. 1976, 333 So.2d 218; Haggler v.State, 49 Ala. App. 259, 270 So.2d 690; Gould v. State, Ala.Cr.App. 1976, 332 So.2d 402.
Appellant next contends that the trial court erred in overruling his motion to exclude the state's evidence, and give the affirmative charge for appellant. There is evidence in the record that the injured party lived by herself in an apartment in the City of Montgomery, Alabama; that about 10:00 P.M. on the night of March 5, 1974 she locked all doors, and closed all windows, entering her apartment went to bed and to sleep; was awakened about 1:00 A.M., found a man on top of her trying to have sexual relations with her; saw the appellant standing by her bed; found the glass broken out of kitchen door and scattered over kitchen floor; found her dog locked up in the bathroom; found the contents of her pocketbook strown all over the room, with about $135.00 in cash gone from it; found her car keys were missing from her pocketbook where she left them, and her car was gone from in front of her apartment where she had parked and locked it that night before she went to bed. The appellant offered no evidence. These facts, if believed by the jury, along with all the other evidence offered, are sufficient to sustain the jury's verdict finding the appellant guilty as charged in the indictment.
The appellant complains that the trial court erred by overruling his objection to the introduction of State's Exhibit 1. State's Exhibit 1 purported to be photostatic copies of pages 9 and 10 of the original dispatch docket of Yellow Cab Company kept daily, the originals of which were lost and not available, and could not be found after diligent search. Exhibit I was identified as correct copies of the originals by an officer of the Yellow Cab Company, under whose supervision the dispatch dockets were made daily in the usual course of business, and kept on file. Also, exhibit 1 was identified as correct by the person who made these copies of the originals.
We hold that the trial court did not abuse its discretion by ruling that the preliminary proof as to the loss of the original document was sufficient to relax the best evidence rule, and allow the introduction of the photostatic copies of the originals. Powell v. Hopkins, 288 Ala. 466, 262 So.2d 289;Sims v. Callahan, 269 Ala. 216, 112 So.2d 776.
We have examined carefully the entire record before us and find from such examination that there are no errors in the record prejudicial to the appellant.
The foregoing opinion was prepared by the Honorable Joseph J. Mullins, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of Section 6.10 of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
Affirmed.
All the Judges concur.