365 So.2d 681 (1978)
Ex parte Eugene Paschal.
Re Eugene PASCHAL
v.
STATE of Alabama.
77-590.
Supreme Court of Alabama.
November 10, 1978.
Rehearing Denied December 8, 1978.
William D. Hudson and William R. Willard, Jr., Gadsden, for petitioner.
William J. Baxley, Atty. Gen., and Eugenia D. B. Hofammann, Asst. Atty. Gen., for the State, respondent.
BEATTY, Justice.
Certiorari was granted in this case to consider whether the opinion of the Court of Criminal Appeals is in conflict with an opinion rendered heretofore on the requirement of probable cause. We reverse and remand.
After a thorough review of the record pursuant to Rule 39(k), ARAP we are unable to adopt without correction the facts of this case as reported in Paschal v. State, 365 So.2d 672 (Ala.Crim.App., 1978). The extended opinion of the court below mistakenly stated that "[t]he description of the suspects and the vehicle was contained in this [radio] broadcast," when, in actuality, the record shows evidence only that the vehicle was described in the radio dispatch. Further, the Court of Criminal Appeals mistakenly added that ". . . at Police Headquarters, the missing watches and rings from Michael's Jewelers were found, along with boxes containing same, in the trunk of appellant's automobile." However, the record shows that only empty plastic ring boxes and pillowcases were recovered from the automobile.
The dispositive issue in this case concerns the warrantless search of the defendant's automobile. In Coolidge v. New Hampshire, 403 U.S. 443, 91 S.Ct. 2022, 29 L.Ed.2d 564 (1971) the Supreme Court of the United States instructed that:
"`[S]earches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendmentsubject only to a few specifically established and well-delineated exceptions.' . . . "[T]he burden is on those seeking the exemption to show the need for it.' . . ."
This Court has embraced this principle. See Kinard v. State, 335 So.2d 924 (Ala., 1976).
*682 At trial the defense counsel objected to testimony pertaining to the search of the automobile and the admission into evidence of the fruits of that search on the ground that there was no search warrant. This objection placed upon the State the burden of showing either a warrant or one of the reasonable exceptions to a warrantless search. The Court of Criminal Appeals held that this burden was met by the State when it stated: "Here, as in Daniels [290 Ala. 316, 276 So.2d 441 (1973)], there were exigent circumstances in addition to probable cause, which justified the immediate search of appellant's car." (emphasis added). See Chambers v. Maroney, 339 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970). We need not discuss both elements of the Chambers' exception since petitioner has focused our attention on that of probable cause. The Court of Criminal Appeals found that:
The officer in this case, acting on the information at hand, had probable cause to believe that the appellant's automobile contained the instrumentalities or fruits of a crime, and therefore was justified in making the warrantless search . . . . (emphasis added)
However, it appears from the opinion of that court that the "information at hand" consisted only of the following evidence:
Officer Brown testified that he had just received a report concerning the Michael's Jewelry Store robbery earlier that day, and that the automobile's description in the report matched that of appellant's vehicle. . . .
Therefore, in effect, the Court of Criminal Appeals held in the present case that the requirement of probable causewhich is necessary in any search, warrantless or not, see United States v. Brennan, 538 F.2d 711 (5th Cir., 1976), was satisfied by the radio dispatch, and the radio dispatch alone. Such a holding, however, is contrary to that Court's earlier decision in Owens v. State, 51 Ala.App. 50, 282 So.2d 402, cert. denied 291 Ala. 794, 282 So.2d 417 (1973).
In Owens, supra, an officer observed a man getting into an automobile near the scene of a burglary. He radioed headquarters with a description of the automobile. An all points bulletin (A.P.B.) was then put out by the radio operator. Law enforcement officers in another town heard the radio report, stopped the automobile and then searched it. The Court of Criminal Appeals held that:
[T]he [arresting] officers at Town Creek could rely on the radio broadcast but the subsequent determination by any court as to probable cause must necessarily turn on all the circumstances giving rise to the police dispatch. . . . (emphasis added)
The court went on to find that on the facts of that case there was no probable cause to search the automobile. In the present case there is no evidence of the underlying circumstances which gave rise to the dispatch; there is merely the naked fact that a radio dispatch had described an automobile that fit the description of the defendant's automobile. As Owens clearly shows, this is insufficient to establish probable cause, and therefore the search was unreasonable under Coolidge, Kinard and Owens. If the law were otherwise, then mere suspicions insufficient to obtain a search warrant, nevertheless could be routed through a radio operator to the field and through that mechanical process gain legal credibility; in fact, if the broadcast were enough in itself to justify a search, as the court below appears to hold, then the State would never need to enter into evidence the suspicions behind the broadcast. As we have shown, that is not the law in this state. Hence, the majority of the Court of Criminal Appeals erred in holding that probable cause was established by the radio dispatch alone.
The case is therefore due to be and is hereby reversed and remanded to the Court of Criminal Appeals with instructions to remand to the trial court for a new trial.
REVERSED AND REMANDED.
BLOODWORTH, FAULKNER, ALMON, SHORES and EMBRY, JJ., concur.
TORBERT, C. J., and MADDOX, J., dissent.
*683 MADDOX, Justice (dissenting).
I agree with the majority that warrantless searches are per se unreasonable, and that the burden was on the State to show its need for the exemption, but I believe that the State met its burden here by showing that the officers had probable cause to seize the automobile and search it; therefore, under all the facts and circumstances, and based on the facts available to the officers at the time, I conclude they acted reasonably.
The majority and I differ basically only in one narrow area. The majority would require the State to "enter into evidence the suspicions behind the broadcast." I do not believe the law puts this burden on the State.
I realize that Alabama follows the minority rule and allows a motion to suppress allegedly illegally obtained evidence to be made for the first time at trial [Brown v. State, 277 Ala. 108, 167 So.2d 291 (1964)], but I do not believe that the burden was on the State to go behind the radio broadcast and show its validity.
The defendant, attempting to suppress evidence, is the moving party and has the burden of going forward with the evidence. The ultimate burden, of course, depends on the claimed illegality. If the search and seizure was incident to a regularly issued warrant, valid on its face, then the accused must prove lack of probable cause, or unreasonable execution of the warrant.[1]
If the accused proves that the search and seizure was without a warrant (as was true here), then the burden shifts to the State to prove the existence of probable cause for the search. I believe the State met its burden in this case. In fact, as I read the majority opinion, I do not understand that the majority holds that the officers did not have probable cause to make the search and seizure, only that the State failed to "enter into evidence the suspicions behind the broadcast." As a matter of fact, I do not think the majority could hold that the arresting officers lacked probable cause. In Whiteley, the Court pointed out:
"The State, however, offers one further argument in support of the legality of the arrest and search: the Laramie police relied on the radio bulletin in making the arrest, and not on Sheriff Ogburn's unnamed informant. Clearly, it is said, they had probable cause for believing that the passengers in the car were the men described in the bulletin, and, in acting on the bulletin, they reasonably assumed that whoever authorized the bulletin had probable cause to direct Whiteley's and Daley's arrest. To prevent arresting officers from acting on the assumption that fellow officers who call upon them to make an arrest have probable cause for believing the arrestees are perpetrators of a crime would, it is argued, unduly hamper law enforcement.
"We do not, of course, question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest." (Emphasis supplied.)
In both Whiteley and Owens, which are cited in the majority opinion, the accused in each case carried his burden of going behind the radio broadcast and was able to successfully attack the validity of the warrants in those cases. Whiteley says specifically that officers may act on the strength of a radio bulletin. Then why was the evidence excluded in Whiteley? The defendant *684 was able to show that the warrant was defective. That's why. Here, the State showed that the officers acted reasonably on the strength of a radio bulletin, plus the additional facts and circumstances gathered at the search scene. At that point, absent any other evidence of illegality, the State shouldered its burden of showing its right to an exception from the warrant requirement. After the State had shown this, the accused did not proffer one item of proof to show that the officers at the scene or the officers making the radio dispatch acted illegally. After all, public officers are presumed to do their duty. Judge Tyson pointed out on rehearing what the record shows in this regard:
"After carefully reviewing this record again, we have determined that there was no challenge in the trial court, either by way of motion to suppress, motion to exclude, or other objection to the evidence at trial as to the basis of the information received by either Deputy Sheriff Charles Brown or Deputy Sheriff Jim Pickett, the two officers who made the arrest of the appellant and subsequently searched his vehicle in Marshall County, Guntersville, Alabama.
"At no point during the trial of this cause was there any objection made to the testimony in which these two officers related the information they had received by way of police radio broadcast from Gadsden, Alabama, concerning the robbery of Michael's Jewelers. Not only were the contents of this broadcast not challenged in the trial court, at no point during the trial proceedings was there any objection to the officers relating the information received.
"There was absolutely no inquiry during trial as to the basis of the information broadcast on the police radio, as to who may have broadcast such information, or the source thereof, or the details of such broadcast.
"There being no challenge to such matters in the trial court, such may not now be asserted on appeal."
On a motion to suppress, the movant has the obligation to present evidence in court designed to convince the court that his motion should be granted. Cf. United States v. Thompson, 409 F.2d 113 (6 Cir., 1969); See also, Comment, Procedural Problems of a Motion to Suppress Evidence in a Federal Criminal Case, 1 U.S.F.L.Rev. 188 (1966); U. S. v. Warrington, 17 F.R.D. 25 (U.S.D.C.Calif., 1955).
The accused here initially carried his burden by showing a search and seizure without a warrant. The burden then shifted to the State. The State, defending its officers' actions, showed probable cause and exigent circumstances. For the defendant to win under the circumstances here presented, I believe the defendant had the burden of going forward with the evidence, if any he had, to show that the radio broadcast was based on "mere suspicion . . . routed through a radio operator . . ."
As a final note, I would show that the majority, I fear, erroneously concludes that the Court of Criminal Appeals held "that probable cause was established by the radio broadcast alone." I do not so read that Court's opinion. The opinion details other facts which were within the knowledge of the officers to establish probable cause.
In any event, I think the evidence was clearly admissible under the authority of Chambers v. Maroney, 399 U.S. 42, 90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), which involved a robbery and a search incident to the stop of a vehicle which matched a description of an automobile given in a radio bulletin.
TORBERT, C. J., concurs.
NOTES
[1] In Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031, 28 L.Ed.2d 306 (1971), and Owens v. State, 51 Ala.App. 50, 282 So.2d 402, cert. denied 291 Ala. 794, 282 So.2d 417 (1973), cited by the majority, the accused satisfied the burden by showing an improper warrant in each case.