I agree with the majority that warrantless searches are per se unreasonable, and that the burden was on the State to show its need for the exemption, but I believe that the State met its burden here by showing that the officers had probable cause to seize the automobile and search it; therefore, under all the facts and circumstances, and based on the facts available to the officers at the time, I conclude they acted reasonably.
The majority and I differ basically only in one narrow area. The majority would require the State to "enter into evidence the suspicions behind the broadcast." I do not believe the law puts this burden on the State.
I realize that Alabama follows the minority rule and allows a motion to suppress allegedly illegally obtained evidence to be made for the first time at trial [Brown v. State, 277 Ala. 108,167 So.2d 291 (1964)], but I do not believe that the burden was on the State to go behind the radio broadcast and show its validity.
The defendant, attempting to suppress evidence, is the moving party and has the burden of going forward with the evidence. The ultimate burden, of course, depends on the claimed illegality. If the search and seizure was incident to a regularly issued warrant, valid on its face, then the accused must prove lack of probable cause, or unreasonable execution of the warrant.[1]
If the accused proves that the search and seizure was without a warrant (as was true here), then the burden shifts to the State to prove the existence of probable cause for the search. I believe the State met its burden in this case. In fact, as I read the majority opinion, I do not understand that the majority holds that the officers did not have probable cause to make the search and seizure, only that the State failed to "enter into evidence the suspicions behind the broadcast." As a matter of fact, I do not think the majority could hold that the arresting officers lacked probable cause. In Whiteley, the Court pointed out:
 "The State, however, offers one further argument in support of the legality of the arrest and search: the Laramie police relied on the radio bulletin in making the arrest, and not on Sheriff Ogburn's unnamed informant. Clearly, it is said, they had probable cause for believing that the passengers in the car were the men described in the bulletin, and, in acting on the bulletin, they reasonably assumed that whoever authorized the bulletin had probable cause to direct Whiteley's and Daley's arrest. To prevent arresting officers from acting on the assumption that fellow officers who call upon them to make an arrest have probable cause for believing the arrestees are perpetrators of a crime would, it is argued, unduly hamper law enforcement.
 "We do not, of course, question that the Laramie police were entitled to act on the strength of the radio bulletin. Certainly police officers called upon to aid other officers in executing arrest warrants are entitled to assume that the officers requesting aid offered the magistrate the information requisite to support an independent judicial assessment of probable cause. Where, however, the contrary turns out to be true, an otherwise illegal arrest cannot be insulated from challenge by the decision of the instigating officer to rely on fellow officers to make the arrest." (Emphasis supplied.)
In both Whiteley and Owens, which are cited in the majority opinion, the accused in each case carried his burden of going behind the radio broadcast and was able to successfully attack the validity of the warrants in those cases. Whiteley says specifically that officers may act on the strength of a radio bulletin. Then why was the evidence excluded in Whiteley? The defendant *Page 684 
was able to show that the warrant was defective. That's why. Here, the State showed that the officers acted reasonably on the strength of a radio bulletin, plus the additional facts and circumstances gathered at the search scene. At that point, absent any other evidence of illegality, the State shouldered its burden of showing its right to an exception from the warrant requirement. After the State had shown this, the accused did not proffer one item of proof to show that the officers at the scene or the officers making the radio dispatch acted illegally. After all, public officers are presumed to do their duty. Judge Tyson pointed out on rehearing what the record shows in this regard:
 "After carefully reviewing this record again, we have determined that there was no challenge in the trial court, either by way of motion to suppress, motion to exclude, or other objection to the evidence at trial as to the basis of the information received by either Deputy Sheriff Charles Brown or Deputy Sheriff Jim Pickett, the two officers who made the arrest of the appellant and subsequently searched his vehicle in Marshall County, Guntersville, Alabama.
 "At no point during the trial of this cause was there any objection made to the testimony in which these two officers related the information they had received by way of police radio broadcast from Gadsden, Alabama, concerning the robbery of Michael's Jewelers. Not only were the contents of this broadcast not challenged in the trial court, at no point during the trial proceedings was there any objection to the officers relating the information received.
 "There was absolutely no inquiry during trial as to the basis of the information broadcast on the police radio, as to who may have broadcast such information, or the source thereof, or the details of such broadcast.
 "There being no challenge to such matters in the trial court, such may not now be asserted on appeal."
On a motion to suppress, the movant has the obligation to present evidence in court designed to convince the court that his motion should be granted. Cf. United States v. Thompson,409 F.2d 113 (6 Cir., 1969); See also, Comment, Procedural Problems of a Motion to Suppress Evidence in a Federal Criminal Case, 1 U.S.F.L.Rev. 188 (1966); U.S. v. Warrington,17 F.R.D. 25 (U.S.D.C.Calif., 1955).
The accused here initially carried his burden by showing a search and seizure without a warrant. The burden then shifted to the State. The State, defending its officers' actions, showed probable cause and exigent circumstances. For the defendant to win under the circumstances here presented, I believe the defendant had the burden of going forward with the evidence, if any he had, to show that the radio broadcast was based on "mere suspicion . . . routed through a radio operator . . ."
As a final note, I would show that the majority, I fear, erroneously concludes that the Court of Criminal Appeals held "that probable cause was established by the radio broadcast alone." I do not so read that Court's opinion. The opinion details other facts which were within the knowledge of the officers to establish probable cause.
In any event, I think the evidence was clearly admissible under the authority of Chambers v. Maroney, 399 U.S. 42,90 S.Ct. 1975, 26 L.Ed.2d 419 (1970), which involved a robbery and a search incident to the stop of a vehicle which matched a description of an automobile given in a radio bulletin.
TORBERT, C.J., concurs.
[1] In Whiteley v. Warden, 401 U.S. 560, 91 S.Ct. 1031,28 L.Ed.2d 306 (1971), and Owens v. State, 51 Ala. App. 50,282 So.2d 402, cert. denied 291 Ala. 794, 282 So.2d 417 (1973), cited by the majority, the accused satisfied the burden by showing an improper warrant in each case. *Page 685