McMillan, judge.
The appellant appeals from the trial court’s order summarily dismissing his Rule 32, Ala.R.Crim.P., petition for post-conviction relief challenging his 1993 murder conviction. His conviction was affirmed by this court on direct appeal. See Hill v. State, 668 So.2d 942 (Ala.Cr.App.1995). The State requests this court to remand this cause to the trial court either to voluntarily dismiss the petition or to allow the appellant leave to amend his Rule 32 petition.
On March 26, 1996, the appellant filed the instant petition, alleging that he was denied the effective assistance of trial counsel because counsel did not file any pretrial motions; counsel failed to subpoena witnesses and certain court and police records concerning the victim; counsel failed to present a defense of self-defense or to request a charge on self-defense; counsel failed to request a charge as to the victim’s intoxication; and counsel failed to argue concerning intoxication’s role as to intent. He also argues that his appellate counsel was ineffective for failing to argue on appeal that a charge on reckless murder as a lesser included offense was improperly given by the trial court and for failing to proffer evidence that his trial counsel had been ineffective for not presenting evidence of the victim’s record. He also argued that the trial court lacked jurisdiction to charge the jury on reckless murder. The appellant also filed a “request for discovery” with his petition, alleging that his appellate counsel had refused to provide him with a copy of his trial transcript, to which, he says, he needed access to prepare his case. Additionally, he stated that his petition was filed by an inmate not certified by the Alabama Department of Corrections. The record indicates that the appellant filed two motions on June 19, 1995, and December 11, 1995, requesting the trial court to order appellate counsel to provide him with a copy of his trial transcript. The trial court denied both motions. On August 27, 1996,' the appellant filed a motion to dismiss the petition, stating that he had not received his trial transcript from appellate counsel and that, once he had the opportunity to review the transcript, he would have additional claims to raise. On September 4, 1996, the trial court summarily dismissed the appellant’s petition. On September 26, 1996, the trial court entered a second order denying the appellant’s motion to dismiss as successive. The State concedes that this was the appellant’s first petition.
An appellant can move to dismiss his own appeal, on the advice of counsel or otherwise. See Ex parte Dunn, 514 So.2d 1300, 1302 (Ala.1987); Johnson v. State, 56 Ala.App. 627, 324 So.2d 341 (1975); Winfrey v. State, 43 Ala.App. 659, 199 So.2d 177 (1967). Moreover, a petitioner may amend his peti *827 tion pursuant to Rule 32.7(d), Ala.R.Crim.P. We recognize that the type of post-conviction relief sought by a Rule 32 petition is separate and distinct from the relief sought in a direct appeal. In Ex parte Powell, 641 So.2d 772, 775 (Ala.1994), our Supreme Court stated:
“A direct appeal is the remedy favored by law — a Rule 32 petitioner will not be given relief if the grounds on which he seeks relief either were raised, or could have been raised, on appeal. Rule 32.2, A.R.Cr. P., Further, we note:
“‘As a general rule, the grounds for post-conviction relief are fewer in number and narrower in scope than in direct remedy proceedings [such as an appeal]. Whereas any nonharmless error usually will constitute grounds for direct relief, postconviction relief usually is available only on grounds involving egregious error, i.e., errors that are jurisdictional, constitutional, or otherwise fundamental.’
“D.E. Wilkes, Jr., Federal and State Post-conviction Remedies and Relief, § 1-5 (1992).”
Although the Powell Court acknowledged that “the various alleged errors a convicted defendant can possibly raise on direct appeal of a conviction or sentence demonstrate a greater need for a transcript of the prior proceedings than do the limited number and type of alleged errors that can be raised in a Rule 32 petition,” id., at 775-76, it emphasized, in denying Powell’s petition for a writ of mandamus, that because Powell failed to appeal from his conviction and sentence, he had no “clear legal right” to a free transcript of his sentencing hearings for the purpose of filing a Rule 32 petition. The appellant in the present ease did appeal his conviction and sentence.
Because the record indicates that the appellant, after exercising due diligence, has been unable to obtain his trial transcript from his appellate counsel, and because the record, in addition to any briefs that were filed, is the property of the appellant, we are compelled in the interest of fundamental fairness and judicial economy to remand this case to the trial court to allow the court to dismiss the petition. We note that if we deny the State’s request for a remand, the appellant’s instant petition was not “adjudicated on the merits,” and, therefore, a second Rule 32 petition would not be precluded on grounds that it constituted a successive petition. Rule 32.2(b), Ala.R.Cr.P. However, any claims that the appellant might raise in a second Rule 32 petition, after reviewing his trial transcript, would be subject to procedural preclusion pursuant to Rule 32.2, Ala.R.Crim.P. This cause is remanded to the trial court to allow the appellant to voluntarily dismiss or to amend his petition. Return should be made to this Court within 45 days from the date of this opinion.
REMANDED WITH INSTRUCTIONS.
All judges concur.

On Return to Remand

McMillan, Judge.
On July 7, 1997, this cause was remanded to the trial court to allow the appellant, Jimmy Lee Hill, an opportunity to either voluntarily dismiss or to amend his Rule 32, Ala.R.Crim.P., petition for post-conviction relief.
On July 29, 1997, the trial court, pursuant to this Court’s instruction, ordered that the appellant be allowed to voluntarily move to dismiss his Rule 32 petition, filed on March 26, 1996, or to amend the petition. The appellant was directed to notify the trial court of his decision within “30 days of today’s date [July 29, 1997].” Because the appellant failed to respond, this appeal is due to be dismissed. Rule 2(a)(2)(C) and (D), Ala.R.App.P.
APPEAL DISMISSED.
All judges concur.