JOHNSTONE, Justice
(dissenting).
I respectfully dissent from the decision of this Court purporting to dismiss these cases. We lack appellate jurisdiction to review these cases, to enter any order affecting these cases, and to express any rationale for any such order.
This Court issued its last certificates of judgment in these cases and in a subsequent review of the same cases under different case numbers on January 6, 1998. Our corresponding opinions are reported as Ex parte James, 713 So.2d 869 (Ala.1997), and James v. Alabama Coalition for Equity, Inc., 713 So.2d 937 (Ala.1997). Our appellate jurisdiction, construed at its greatest limit of durability, expired either at the end of 120 days following the January 6, 1998, date of those certificates of judgment, Internal Rule VI.J.3., or at the end of the then existing term of court, Brown v. State, 277 Ala. 108, 109, 167 So.2d 291, 293 (1964), Childress v. Younger, 258 Ala. 219, 220-21, 61 So.2d 808, 809 (1952), Wade v. State, 51 Ala.App. 441, 441-43, 286 So.2d 317, 318-19 (1973), Martin v. State, 22 Ala.App. 191, 192-93, 113 So. 452, 453 (1927). That term of court, mandated by § 12-2-8, Ala.Code 1975, and Internal Rule Y.A., expired on June' 30, 1998.
Both deadlines for our appellate jurisdiction expired without any application in any form for further appellate review. Indeed, even after the expiration of those deadlines, no party has sought appellate review in any form. I respectfully submit that all of our- orders issued since the expiration of our appellate jurisdiction are nullities and any rationales for' those orders are not holdings or even obiter dicta.
I will discuss only Part IV of Justice Houston’s special concurrence, which addresses this dissent of mine. On the one hand, Justice Houston’s Part IV contains a splendid explanation of the supervisory powers of this Court, although I do not agree with Justice Houston’s diminution of the importance of the doctrine of stare decisis on questions of constitutional law, see my dissent in Ex parte Melof, 735 So.2d 1172, 1205 (Ala.1999). On the other hand, and of particular pertinence to this dissent of mine in these equity funding cases, I respectfully disagree with Justice Houston’s assertion that the time limits imposed by this Court on its own power to recall its judgments are not still in effect. They are still in effect.
“Regular terms of the Supreme Court” are expressly mandated by § 12-2-8, Ala. Code 1975, and special terms are allowed by § 12-2-9, Ala.Code 1975. Likewise, § 12-3-12, Ala.Code 1975, mandates like regular terms for “the courts of appeals.” Article I, § 43, Alabama Constitution of 1901, commands judicial respect for these legislatively mandated terms of court. Section 43 reads:
*878 “In the government of this state, except in the instances of this Constitution hereinafter expressly directed or permitted, the legislative department shall never exercise the executive and judicial powers, or either of them; the executive shall never exercise the legislative and judicial powers, or either or them; the judicial shall never exercise the legislative and executive powers, or either of them; to the end that it may be a government of laws and not of men.”
While Justice Houston’s special writing asserts that terms of court “have not served a significant jurisprudential role,” 836 So.2d at 838, that assertion begs the very question at issue, in that terms of court have served the significant jurisprudential role of limiting the willingness of the Alabama appellate courts to recall their own mandates.
Only one of the Alabama cases cited by Justice Houston reveals any deviation from our self-imposed recall time limits of the 120th day after our issuance of the certificate of judgment or the end of the term when the certificate was issued. While the recall in Ex parte Martin, 616 So.2d 353 (Ala.1992), did occur 23 days after the end of the term when the certificate had been issued, the recalls in Youngblood v. State, 372 So.2d 34 (Ala.Crim.App.1979), Watts v. State, 337 So.2d 91 (Ala.Crim.App.1976), and Brown v. State, 277 Ala. 108, 167 So.2d 291 (1964), all occurred during the respective terms when the respective certificates of judgment had been issued. Ex parte Martin appears to have been an oversight rather than an intended departure from our express limits.
The entirely unsolicited nature of the instant purported review of these “equity funding cases” exacerbates our lack of appellate jurisdiction. We do not want to become like the Iranian judges who roam the streets of Tehran ordering a whipping here and a jailing there. On the other hand, if this tardy and unsolicited purported review does prevail, I suppose the consolation will be that some old cases which I think or shall think grossly unfair will once again be subject to review.